Charles SIMON, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 13942.

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1954.

J. B. Tietz, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Mark P. Robinson, Manuel Real, Manley J. Bowler, Hiram W. Kwan, Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant was convicted of refusing to submit to induction into the armed forces of the United States in violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. Before the Selective Service boards he had claimed exemption as a conscientious objector. The appeal board finally placed him in Class I–A–O, that is to say, he was listed as a person conscientiously opposed to participation in war but subject to noncombatant service as defined in the Act. Upon the trial below he asserted that his order to report for induction was invalid for the reason that his classification was without basis in fact and because he was denied a fair hearing both at the time of his personal appearance before the local board and at the time of his hearing before a hearing officer designated by the Department of Justice.

This case bears a striking resemblance to the case of Tomlinson v. United States, 9 Cir., 216 F.2d 12. While there is no claim here, as there was by Tomlinson, that the appellant was denied any rights in respect to his presentation of a claim that he should have been classified as a minister, yet the facts outlined in the Tomlinson case with respect to his claim that he should have been classified as a conscientious objector, exempt not only from combatant service but from noncombatant service and training as well, are in every substantial particular the same as those presented by this appellant.

When Simon first filed his questionnaire with the local board he claimed that he should have been classified IV–E, (this was subsequently called Class I–O). He attached to the questionnaire a lengthy typewritten statement explanatory of this claim. (In substance the views there expressed were the same as those in the letter of Tomlinson summarized in footnote 4 in that case.) Although it expounded at great length Simon's theological views and contained his account of the contest between God on the one hand and Satan on the other to procure the loyalty of man, it was singularly unenlightening to any person desirous of discovering whether the religious training and belief of this registrant were such as to make him a person conscientiously opposed to participation in war in any form within the meaning of § 6(j) of the Act, Title 50 U.S.C.A.Appendix, § 456j. He said: "Please note, I am conscientiously opposed to the factors of this world which are not in harmony with God." He quoted the text from the Sermon on the Mount beginning "No man can serve two masters". He said: "Knowing the two sides of the issue (as to who is supreme, Jehovah God or Satan, the God of this world) and knowing the consequence for disobedience to the Almighty God, I take my stand to serve God with unswerving obedience to Him only. I must and will do everything in my power to hold a strict neutrality to the controversial war of today." Shortly thereafter Simon filed his Form 150, the special form for conscientious objectors, and attached a further lengthy typewritten statement explanatory of his religious views and supported by numerous quotations from the Bible. This contained protestations that the regis-

trant was consecrated to do God's will, and concluded with a statement: "That participating in any of the armed forces activities makes me a friend of this world, and not a friend of God. Therefore I choose to be a friend of God rather than a friend of this world."

After the local board had classified Simon as I–A, (available for unlimited military service), he appealed to the appeal board which referred his file to the Department of Justice. He was given a hearing before a hearing officer whose report was forwarded by the Department to the appeal board. That report discloses the registrant's age, his employment and education, his residence and his claim for exemption. It recited that Simon had brought a witness with him who was a minister of Jehovah's Witnesses and who testified to registrant's good character and his activity in attending the meetings of that sect. Speaking of the testimony of this witness, the hearing officer stated: "He knows that registrant believes in God's law as being superior to man's law."

We note that the statement just quoted is a very accurate summary of the position which Simon took in the various communications made by him to the local board to which reference has been made. The hearing officer recommended that Simon be placed in noncombatant service and classified as I–A–O. Such was the recommendation of the Department and the appeal board followed it.

For the same reasons which we outlined more fully in the Tomlinson case we think that it cannot be contended that there was no basis in fact for the classification which this appellant received. The hearing officer and the appeal board recognized that the appellant was to some extent a conscientious objector; we think, however, that neither the trial court nor this court is in a position to say that when the board asked and answered the question: conscientious objector to what? it acted without basis in fact. The hearing officer had the opportunity to observe and question the registrant face to face. Even if the trial judge would have reached a different result from the evidence with which the Selective Service boards had to deal, that would have been no ground for setting aside the administrative determination. Cox v. United States, 332 U.S. 442, 453, 68 S.Ct. 115, 92 L.Ed. 59; Eagles v. U. S. ex rel. Samuels, 329 U.S. 304, 316, 67 S. Ct. 313, 91 L.Ed. 308; Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567. The hearing officer and the board can well infer from the registrant's written statements that his religious beliefs are that he should have no part or participation in the work of any secular government for such would be a service to Satan and not to God. As we stated in the Tomlinson case, "The board could well understand from appellant's representations that his objections would include such tasks for a government of 'this world' as fighting forest fires or building roads. An objection, on religious grounds, to any assignment which would take the registrant away from his missionary activities, is not an objection which the Act recognizes." 216 F.2d at page 18. It cannot be said that Simon's classification was without basis in fact.

Registrant makes a further contention that he was denied the right to discuss his classification and to offer new and additional evidence at the time he had his personal appearance before the local board. At the trial below the appellant took the stand and testified that when he was before the local board: "I proceeded to open the Bible and give them evidence as to why I could not participate in war and when one of the members saw me opening the Bible he stated it was not necessary for me to use the Bible because they were not interested in what I believed, but how sincere I was in what I believed." The witness also testified that at that time he handed the local board a two page typewritten letter dated December 13, 1950. This letter appears in the Selective Service files. In general it is a further lengthy statement of the registrant's theological views along the lines stated in the documents previously referred to. It con-

cludes with the statement: "I have been engaged in fighting against spiritual weakness for ten years now and my allegiance is under God and His Kingdom by Christ Jesus for only by such determination can I be found to be pleasing in the eyes of Jesus my God." It gave numerous scriptural citations. The court then inquired of the witness: "I say, did you have in mind to offer any additional Scriptural references and other information not then included in your file or in the letter which you then presented to them," to which the witness replied: "No, I don't believe so." Simon also testified on cross examination that at that hearing the board inquired if he sought to present any other new information aside from this letter and he replied in the negative.

We find no basis in the record for the contention that the registrant was denied an opportunity for a hearing before the local board.

Finally it is contended that at his hearing before the hearing officer the registrant was denied his right to have a summary of any unfavorable evidence in the possession of the hearing officer. The notice of the hearing had advised him that such would be given to him. At the trial appellant testified that when he appeared before the hearing officer the latter gave him no statement of any adverse matter in the FBI file, but he said he did not ask for any such statement then;[1] he also demanded an inspection of the FBI report and offered it in evidence for the purpose of disclosing whether any adverse information was contained therein. It was rejected.

It is apparent from the hearing officer's report that the facts therein stated are those which he obtained from the appellant himself at the time of the hearing. No reference whatever is made to any information contained in any FBI

report or from any other source. As in the Tomlinson case, there is nothing to show that the hearing officer drew any conclusions from an FBI report. We find no reason for an attack upon the validity of the classification in anything which transpired before the hearing officer, Tomlinson v. United States, supra, or in the refusal to receive the FBI report in evidence, White v. United States, 9 Cir., 215 F.2d 782.

The judgment is affirmed.

---

**1.** At the trial Simon testified that he wrote the hearing officer asking for such adverse information. He had no copy of his letter but in an effort to prove it, he introduced a letter from the hearing officer. The text of that letter indicated no such request. The trial judge was not required to believe Simon's testimony. National Labor Relations Bd. v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79; Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 324, 111 A.L.R. 736.