**UNITED STATES of America**
v.
**Robert August RUPPELL, Defendant.**
No. 67–CR–168.

United States District Court
E. D. New York.
Jan. 15, 1968.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for the United States, Thomas J. O'Brien, Asst. U. S. Atty., of counsel.

Anthony F. Marra, New York City, for defendant, Richard I. Rosenkranz, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Robert August Ruppell was indicted for wilfully refusing to submit to induction into the military service of the United States in violation of 50 U.S.C.A. App. § 462(a).

There is no dispute that Ruppell wilfully refused to take the step forward when he reported for induction on January 23, 1967 at the appropriate induction center after his acceptability for military service had been determined. A chronology of events is as follows:

Ruppell registered with his Local Board No. 68 in Staten Island, New York as required by law on September 1, 1961. He claimed exemption as a conscientious objector and accordingly the Board mailed him SSS Form No. 150, "Special Form For Conscientious Objector", which he failed, however, to complete and return. On December 10, 1963 the Board classified Ruppell 1-A by a unanimous vote, from which classification he did not appeal.

In April, 1964 Ruppell completed SSS Form No. 127, "Current Information Questionnaire", in which he indicated that he was married and accordingly the Board placed him in Group IV. Subsequently he completed and returned to the Board another SSS Form No. 127, "Current Information Questionnaire", and the Board on August 17, 1965 again classified him 1-A, from which classification he did not appeal.

Thereafter Ruppell failed to keep the Board informed of his change of address and after obtaining one postponement of his preinduction physical examination he was notified that his physical examination was rescheduled for May 23, 1966. He failed to report for this examination

and accordingly on June 14, 1966 the Board declared him "delinquent".

On August 15, 1966 the Board forwarded to Ruppell SSS Form 252, "Order to Report for Induction" on August 31, 1966. He then requested a transfer of induction from New York to Local Board No. 2 in Las Vegas, Nevada. Thereupon Local Board No. 2 on November 7, 1966 ordered Ruppell to report for induction on November 21, 1966 at Las Vegas, Nevada, where he was physically examined and found acceptable. Ten days later, on November 17, 1966, Ruppell for the first time notified his Local Board No. 68 that he claimed a dependency exemption on behalf of his mother, stating that she had been mentally ill since he was born, had been in three different institutions, was upset by the possibility of his induction and that one more nervous breakdown "would put my mother in the hospital for good". On the same day by a unanimous decision Local Board No. 68 denied this dependency claim and ordered him to proceed with induction as scheduled in Nevada for November 21, 1966. At that time he failed to report for induction.

Thereafter Local Board No. 68 received a notification from Las Vegas Local Board No. 2 to the effect that Ruppell had returned to Staten Island. Local Board No. 68 then forwarded to him on January 17, 1967 a third notice to report for induction at Fort Hamilton, Brooklyn, New York on January 23, 1967. On that date Ruppell appeared and refused induction in writing, stating that his refusal was based upon his religious beliefs as a Jehovah's Witness. Local Board No. 68 thereupon requested Ruppell to report for an interview on February 20, 1967, at which time he appeared and completed SSS Form 118, "Dependency Questionnaire", in which he failed to claim his mother as a dependent, and also SSS Form No. 150, "Special Form for Conscientious Objector", in which he claimed exemption as a Jehovah's Witness. On the same date Local Board No. 68, by a unanimous decision, found that there had been no change in Ruppell's

status resulting from circumstances beyond his control, and refused to reopen his case. On March 17, 1967 Ruppell requested that his case be submitted to the Appeal Board and was notified that he had no such right.

Subsequently, on May 17, 1967, Ruppell submitted a letter from Manhattan State Hospital, dated January 20, 1967, regarding his mother's mental condition, in which the hospital related her concern and apprehension over his draft status. On the following day the Board advised Ruppell that no further action would be taken but upon the advice of the United States Attorney the Board scheduled an interview for July 18, 1967, at which time Ruppell and his mother appeared before the Board. At the hearing, which consumed approximately fifteen minutes, the file was before the Board and the mother indicated that she was not dependent upon the son. After the hearing the Board unanimously concluded that Ruppell's mother was not dependent upon him either financially or emotionally so as to qualify him for a 3-A classification and on the next day so advised Ruppell. On September 30, 1967 Ruppell's request that the case be sent to the Appeal Board, was denied.

At the trial without a jury, Ruppell offered the testimony of himself and his mother for the purpose of showing that the decision of his Board was arbitrary and erroneous. The Court denied this application on the ground that the decisions of the Local Board are final (50 U.S.C.A. App. § 460(b) (3)) subject only to review to determine if Ruppell was deprived of his right to due process. In examining this administrative process the customary scope of judicial review is limited. "It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified", and the decisions of the Local Board made in conformity with its regulations are final even though erroneous if there is some basis in fact to support the finding. Cox v. United States, 1947, 332 U.S. 442, 448, 68 S.Ct. 115, 118, 92 L.Ed. 59; Estep v.

United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. The review in such case is limited to the record before the Board and the Court is not permitted to create a new record by considering new or additional evidence and thus substitute its judgment for the decision of the Board. Otherwise the Congressional intent relating to the administration of the Selective Service System would be defeated.

■ Ruppell claimed at the trial that he was entitled to a reopening of his classification under the authority of United States v. Burlich, S.D.N.Y.1966, 257 F.Supp. 906. The question presented here was not the issue in *Burlich*. There the registrant had not been ordered for induction and his rights at that stage of the proceedings were much greater than Ruppell's rights at his stage of the proceeding. Before an order for induction is mailed to the registrant, Section 1625.2 of the Regulations, 32 C.F.R., permits the Local Board to reopen and consider anew the classification of the registrant if it is presented with facts not considered when the registrant was originally classified, which would justify a change in his classification. Under such circumstances, the Board is required to reopen a registrant's classification and determine upon the merits whether his claim entitles him to a reclassification if he presents a *prima facie* case. This is *Burlich*.

■ However, the registrant has no such right after an Order to Report for Induction (SSS Form 252) has been sent to him. Section 1625.2 expressly conditions such a reopening in these words:

" * * * provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." Here Local Board No. 68 failed to find such change and consequently did not reopen Ruppell's classification.

Ruppell's second string to his bow is the more critical claim that his case falls within the principles of United States v. Gearey, 2 Cir. 1966, 368 F.2d 144. *Gearey*, like *Burlich*, involved a conscientious objector but unlike *Burlich* involved a registrant who had received an order to report for induction before he claimed reclassification. The Local Board, after an interview with the registrant, merely stated that the registrant was not a genuine conscientious objector and that the facts did not warrant a change in classification. The Court felt that this was an ambiguous determination, that it was possible for an individual to become a conscientious objector after he had received notice to report for induction, and that the Board had failed to speak with clarity as to its meaning when it refused to change the registrant's classification.

■ The considerations with respect to a conscientious objector are apparently *sui generis* because the change in circumstance is purely subjective. At all events, the considerations in this case are quite different. The Local Board's finding was clear and precise. The criteria in determining whether a registrant has received due process are quite different before an Order to Report for Induction has been sent than after such an order has been mailed. In the former event the Court's review is limited to a determination as to whether the registrant has established a *prima facie* case for reclassification entitling him to a reopening. In the latter event, the test is simply whether there is any basis in fact to justify the Board's refusal to specifically find that there had been a change in the registrant's status resulting from circumstances over which he had no control. The determination of the Board in that case would be upon the merits and, if favorable, the reopening would simply be a formality.

After reviewing the record of the Board as confirmed by the Chief Clerk,

the Secretary of the Board and one of its members, the Court finds that there was a basis in fact for its refusal and that hence Ruppell's induction was valid and that he is guilty as charged.