**Franklin Henry CHANEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25641.**

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1969.

Rehearing Denied March 21, 1969.

Samuel S. Jacobson, Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Gary B. Tullis, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge:

After a jury trial, appellant, Franklin Henry Chaney, was convicted of violating 50 U.S.C. App. section 462 in that he wilfully failed to comply with an order of his local board to submit to induction.

Appellant filed his original Selective Service Form 100 on June 5, 1959, indicating therein that he was then working 40 hours per week as a cabinet maker and claiming that he was a minister of the Jehovah's Witnesses denomination and was formally ordained on August 20, 1955 (the date of his baptism). On July 18, 1959, he filed a Form 150 (Special Form For Conscientious Objector) in which he claimed exemption from both combatant and noncombatant training and service in the armed forces. Attached to this form were several sheets containing an explanation of his views.

Having been classified 1–A by his local board and failing to convince the board at a personal appearance that he should be given a different classification, Chaney appealed his classification to the Appeal Board for the Southern District of Georgia. The case was referred to the Justice Department for its recommendation. A special hearing officer of the Justice Department held a hearing after which he recommended to the Department that Chaney's 1–A classification be continued. However, in spite of the hearing officer's recommendation, the Conscientious Objector Section of the Department of Justice, which had the benefit of an F.B.I. report on appellant, recommended that he be placed in class 1–A–O (conscientious objector available for noncombatant military training and service only). The reason for the refusal to recommend a 1–O classification was that it seemed to the Conscientious Objector Section of the Department of Justice that Chaney's primary objection to military service was that it would interfere with his ministry, and that according to Leifer v. United States, 260 F.2d 648 (6th Cir. 1958) and Tomlinson v. United States, 216 F.2d 12 (9th Cir. 1954), this reason is not a ground of objection to noncombatant service. Accordingly, the Appeal Board classified him 1–A–O by a vote of 4 to 0, and on August 29, 1960, a Form 110 notifying Chaney of such classification was mailed to him.

The local board sent appellant current questionnaire forms (Form 127) on February 19, 1963, May 22, 1964, May 7, 1965, August 9, 1965, and February 18, 1966, and each was returned reporting no change in status except from single to married.

By written appointment dated March 31, 1966, in New York, appellant was appointed to serve as a Vacation Pioneer Minister between the dates of April 1 and July 31, 1966. Also, by written appointment dated April 15, 1966, in New York, Chaney was appointed to serve as a Book Study Conductor in his local congregation. He testified that he received notice of the latter appointment about April 20, 1966.

On April 22, 1966, appellant's local board mailed him an Order to Report for Induction (Form 252) scheduling him for induction on May 5, 1966. By letter of April 26, 1966, appellant submitted proof of his two appointments, outlined his duties and requested a stay of the induction order and a reconsideration of his classification. He asserted therein that in his capacity as a Vacation Pioneer Minister he was serving at least 25 hours per week in house-to-house ministry and was attending five 1-hour Bible instructional meetings at his church, and that in his capacity as a Book Study Conductor, he presided over Bible study sessions and oversaw the house-to-house ministry of those assigned to his Bible study group. Adding up the time spent, Chaney noted that he was spending "well over 40 hours per week" in ministerial activities. Appellant also mailed letters to both the State and the National Directors of the Selective Service System advising them of his alleged change of status and requesting an order staying his induction and directing the local board to reopen and consider his classification anew pursuant to 32 C.F.R. section 1625.3. The petitions to the State and National Directors were both denied. Appellant was never expressly notified by the local board as to what ruling it had made on his request for a reopening as is required by 32 C.F.R. section 1625.4, and he complied with the April 29th instructions of his local board regarding transportation to the induction center where he refused to take the symbolic step forward.

Prior to the trial, appellant caused a subpoena duces tecum to be issued and served upon John J. Hennessy, the special hearing officer who conducted the hearing for the Department of Justice during Chaney's 1960 administrative appeal, requiring Hennessy to be at the trial (so that appellant could inquire into his bias or hostility and into his conduct of the hearing) and to bring with him all records, notes and reports relating to the hearing. On the authority of Gon-

zales v. United States, 364 U.S. 59, 80 S. Ct. 1554, 4 L.Ed.2d 1569 (1960), the trial court granted the government's motion to quash the subpoena. At the trial the government called as witnesses the clerk of Local Board No. 35, the commanding officer of the Armed Forces Examination and Entrance Station at Jacksonville, Florida, and a former member of the armed forces who was stationed at the Jacksonville induction center at the time of appellant's processing. The government also introduced into evidence appellant's Selective Service file. Appellant testified as his only witness.

The appellant's motions for acquittal were denied. After an adverse jury verdict, appellant received a 5-year sentence and brings this appeal complaining that: (1) the failure of the local board to consider the petition for reopening of classification in April of 1966 was error; (2) quashing the subpoena duces tecum requiring the Justice Department special hearing officer to appear at the trial was error; (3) appellant's 1–A–O classification was without basis in fact, and (4) appellant's classification and conviction resulted from a violation of due process.

Failure to Consider Request for Reopening

Since the local board had mailed to appellant an Order to Report for Induction prior to his requesting a reopening of his classification, the following regulation applies:

"§ 1625.2  When registrant's classification may be reopened and considered anew

"The local board may reopen and consider anew the classification of a registrant(s) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify

a change in the registrant's classification; provided, *in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction* (SSS Form No. 252) * * * *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.* (emphasis added).

In an attempt to bring his case under the rule of Olvera v. United States, 223 F.2d 880 (5th Cir. 1955), appellant complains that the local board never considered his request to reopen his classification because the board members were under the mistaken impression that they had no authority to do so after the registrant had been mailed an Order to Report for Induction. In support of his contention, appellant relies upon the following testimony of the clerk of the local board:

"Q.  And wasn't that letter a petition by him for reopening of his classification?

A.  After his orders for induction were mailed.

Q.  Yes, Ma'am.  And isn't there a procedure for reopening an individual's induction after his order has been entered.

A.  We can't do it.  We have no method whatsoever but we can order without our State Director giving us permission to reopen a case once that order for induction is mailed.

\*  \*  \*  \*  \*  \*

Q.  Your board then, as a matter of fact, does not reopen an individual's classification after his notice for induction has been mailed to him.

A.  That's correct."  (Record at 165–66).

"Q.  Will you state when a classification is reopened.

A.  A classification is reopened when sufficient evidence is received that is justifiable and if it's in the correct

length of time that he has for his appeal.

Q. Must a classification be reopened after an order for an induction is mailed to the registrant?

A. A classification cannot be reopened by a local board after his order for induction is mailed." (Record at 177).

32 C.F.R. section 1625.2 provides that even after an Order to Report for Induction has been mailed, the board may reopen the registrant's classification if it "first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." This regulation imposes a duty on the local board to consider[1] a post-induction-order request for a reopening. See *Olvera, supra*.

█ Appellant is faced with the task of overcoming the presumption of regularity that attaches to administrative proceedings by showing that the local board did not in fact comply with the regulation by considering his request for a reopening. We hold that the testimony of the clerk of the registrant's local board is not sufficient to rebut this presumption of regularity.

█ The clerk's testimony is *some* evidence that the local board rejected Chaney's request in the light of an erroneous impression of the law. However, the presumption that public officers discharged their duties according to law is such a strong presumption that it is overcome only by *clear and convincing* evidence. NLRB v. Bibb Manufacturing Company, 188 F.2d 825 (5th Cir. 1951); Barnes v. City of Gadsden, 174 F.Supp. 64 (N.D.Ala.1958).

█ The clerk's testimony is not clear and convincing evidence that the board disregarded Chaney's request for a reopening because of the erroneous impression of the board members that they had no authority to reopen. The clerk's answers to questions give a strong impression that she was basing her testimony on what she thought the law is and not on what the board thought the law is or what the board actually did in this particular case. She never testified either that Chaney's request was never considered or that the board members thought that they had no authority to reopen his classification. Even her testimony that the board does not reopen classifications after the mailing of an induction notice is not a clear statement of the board's attitude toward requests for reopenings because it could very well reflect a combination of two factors: (1) the clerk's recollection that such requests have in the past been denied, and (2) her version of the law applicable to such requests. In the face of her recollection that classifications had not been reopened in the past, this clerk, who thought that the board had no authority to reopen classifications, would understandably testify that the board does not reopen classifications after the mailing of an induction notice. Conspicuously absent from the clerk's testimony is a statement that she knows of her own knowledge that the local board never *considers* granting post-induction-order requests for reopenings *because the board members do not think* that they have any authority under any circumstances to do so without authorization from the State or National Director. There thus exists such a degree of doubt concerning the

---

1. The act of *considering the request for a reopening* should not be confused with the more significant act of *reopening and considering anew the registrant's classification*. The latter act would by virtue of 32 C.F.R. section 1625.14 result in the cancellation of an order to report for induction or for civilian work and would by virtue of section 1625.13 bring about "the same right of appearance before the local board and the same right of appeal as in the case of an original classification." The mere consideration of a request for a reopening has no such effect and would not interfere with the induction process unless the local board, after considering the registrant's request for a reopening, did in fact decide to "reopen and consider anew" the registrant's classification within the meaning of section 1625.2.

basis of the clerk's testimony as is sufficient to prevent such testimony from rising to the status of *clear and convincing* evidence. The presumption of regularity [2] must stand.[3]

### The Quashing of the Subpoena Duces Tecum

■ The trial judge was clearly correct in granting the government's motion to quash the subpoena duces tecum that directed the special hearing officer of the Justice Department to be at the trial to testify and to produce his records and notes of the hearing. Gonzales v. United States, 364 U.S. 59, 80 S.Ct. 1554, 4 L.Ed.2d 1569 (1960) is directly against appellant as to the written matter sought by the subpoena, and the reasoning of that case is likewise applicable to that portion of the subpoena requiring the hearing officer himself to be available to give testimony. In addition, as was the case in *Gonzales,* supra, appellant does not charge that any specific evidence was withheld, nor does he give any indication of what he would expect to be brought to light through the report and testimony of

the hearing officer. In his brief he merely says *"It is possible to envision many extremely relevant things which might plausibly have been brought out by appellant had the instant subpoena not been quashed."* (emphasis added). He then goes on to suggest some of the things that might have been discovered. It is plain, however, that he has nothing specific in mind. There is no merit in this assignment of error.

### Basis in Fact for Denial of 1–O Classification

■■ In reviewing the action of the appeal board in classifying Chaney 1–A–O instead of 1–O, the scope of judicial review is limited to an inquiry into whether there is a "basis in fact" for the classification. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). The trial court found that a basis in fact exists to support the appeal board's 1–A–O classification. Such a basis in fact is provided in the following portion of the recommendation of the Department of Justice which refers to the

2. This presumption that the board did consider this request is strengthened by the fact that on April 29, 1966 it received a copy of the letter from the State Director to the registrant stating that "it is the opinion of this office that the information submitted by you is insufficient to justify reopening of your classification," and it also received a copy of letter from the National Director dated May 4, 1966 advising him that the information submitted had been carefully considered and that there was found insufficient basis for taking any action in his behalf at that time. While it would have been more regular if the Board had advised registrant by letter that the information submitted did not warrant a reopening of his classification and had placed a copy of the letter in the file the failure to do so did not under the facts of this case invalidate the induction order. The Board's finding may be "overt or implicit." Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132, 138 (1953).

3. The question whether Chaney's request for a reopening set forth facts making

out a prima facie case of a change in status resulting from circumstances over which he had no control is not raised by appellant's first assignment of error since that assignment complains of the board's failure to consider the request rather than the board's making an erroneous decision not to reopen after giving due consideration to the request. Even so, it should be pointed out that the request for a reopening did not make out a prima facie case for a 4-D classification. McCoy v. United States, 5 Cir. 1968, 403 F.2d 896 [November 12, 1968]. Furthermore, the fact that Chaney became a Vacation Pioneer Minister and a Book Study Conductor as a result of advancement in his sect through personal endeavor and the fact that these appointments were not in any real sense *forced* upon him by the Watchtower Bible and Tract Society provide an ample basis in fact for the local board's refusal to find that (aside from whether or not the appointments effected a change in status) the new appointments were the result of circumstances over which Chaney had no control. See United States v. Ruppell, 278 F.Supp. 287 (E.D.N.Y.1968).

testimony of appellant before the special hearing officer:

"The hearing officer suggested to the registrant that the registrant had but one objective and that is not to go into the Army. The registrant replied: 'That is not the objective. The objective is preaching and going into the Army would interfere with my ministry. So therefore I object—it would be wrong according to God's law."

This testimony is sufficient authorization for the appeal board's conclusion that Chaney's real objection to military service is that it would interfere with his ministry. This conclusion is entitled to stand even if it could be said that it is erroneous. *Estep,* supra.

Since the objection that military service would interfere with the registrant's ministry is not a recognized objection to military service, Leifer v. United States, 260 F.2d 648 (6th Cir. 1958); Simon v. United States, 218 F.2d 127 (9th Cir. 1954), rev'd. on other grounds, 348 U.S. 967, 75 S.Ct. 531, 99 L.Ed. 753 (1955); Tomlinson v. United States, 216 F.2d 12 (9th Cir. 1954), the appeal board was justified in classifying appellant 1–A–O thereby recognizing his claim of being a conscientious objector to combat but allowing him to be inducted into the armed forces for the performance of noncombatant duties only. See 32 C.F.R. section 1622.11.

## Due Process

In the Brief of Appellant, the due process claim is thus made more specific:

"1. Due process of law was violated by the procedure governing appellant's appearance before his local board. Appellant complains particularly about the following:

"a. The prohibition against his being represented by counsel. 32 C.F.R. 1624.1.

"b. The prohibition against his presenting supporting witnesses, except as allowed by the board in its discretion. 32 C.F.R. 1624.1.

"c. The unlimited right of the board to restrict the time and form of the registrant's appearance. 32 C.F.R. 1624.1.

"Appellant says that the critical importance of the appearance and the finality of the administrative classification, as combined with the attendant criminal enforcement penalties, make such curtailment of a registrant's rights violative of due process.

"2. Due process of law was violated by the procedures governing appellant's administrative appeal. Appellant complains particularly about the following:

"a. The denial of an opportunity for the appellant to appear, either personally or by counsel, before the appeal board. 32 C.F.R. 1626.24.

"b. The consideration given to the F.B.I. report composed of hearsay evidence from unidentified informants (submitted with the Justice Department recommendation). 32 C.F.R. 1626.24.

"3. Appellant's right to trial by jury was abridged by the refusal of the trial court to submit to the jury disputed issues of fact underlying the administrative handling of appellant's case. See Tamblyn v. United States, 216 F.2d 345 (5th Cir. 1954)."

Appellant's first two objections, denial of the right to have counsel and to present supporting witnesses, are answered by the following passage from Merritt v. United States, 5 Cir. 1968, 401 F.2d 768 [October 15, 1968]:

"Appellant's further assertion that his constitutional rights have been violated because of the absence of provisions in the Selective Service Act and the Regulations for representation by counsel before the local board for compulsory process, and for the confrontation of witnesses against him, is without merit. *The procedure under the draft law and classification by a local board is in no way penal, nor is it a criminal trial with the right to be represented by counsel, and to call, ex-*

*amine and cross-examine witnesses.* United States v. Capson, 10 Cir. 1965, 347 F.2d 959, 962; Imboden v. United States, 6 Cir. 1952, 194 F.2d 508; 513, cert. denied, 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357." (emphasis added).

In claiming that due process was denied to appellant by "The unlimited right of the local board to restrict the time and form of the registrant's appearance" appellant cites 32 C.F.R. section 1624.1 but clearly also has in mind section 1624.2, which gives the board members discretion to "impose such limitations upon the time which the registrant may have for his appearance as they deem necessary."

Appellant has not made it to appear that the board abused its discretion so as to deny him a fair hearing, and we find no constitutional defect on the face of these regulations.

We have carefully considered all of the remaining specific due process objections and likewise find them all to lack merit.

The judgment appealed from is affirmed.