John J. PASZEL, Petitioner,

v.

Melvin R. LAIRD, Secretary of Defense, Stanley R. Resor, Secretary of the Army, and Commanding Officer, Armed Forces Examining and Entrance Station, Fort Hamilton, Brooklyn, N. Y., Respondents.

No. 69–C–140.

United States District Court
E. D. New York.

May 26, 1969.

Frederick B. Boyden, New York City, for petitioner.

Vincent T. McCarthy, U. S. Atty., Eastern District of New York, for respondents; Howard L. Stevens, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

Applying for a writ of *habeas corpus*, the petitioner, John J. Paszel, claims he is unlawfully detained by reason of his unlawful induction into the Army and his present custody by respondents at the Armed Forces Examining and Entrance Station, Fort Hamilton, Brooklyn, New York. Petitioner advances a number of arguments attacking the constitutionality of various actions taken by his Local Board, consideration of only one of which is sufficient for the Court's conclusion. The pivotal issue is whether the petitioner established a *prima facie* case for a reopening of his classification after the issuance of his induction notice, the denial of which deprived him of

his right to a hearing and a right to appeal, resulting in a denial of his constitutional right to procedural due process.

On October 11, 1968, petitioner was ordered to report for induction on November 4, 1968, which was subsequently postponed. By letter dated November 8, 1968, he was ordered to report on December 3, 1968, and on November 12, 1968, he requested a conscientious objector form (SSS Form 150). The Board mailed the form and postponed the induction scheduled for December 3, 1968. On December 11, 1968, petitioner requested that his classification be reopened and that he be classified I-O, and on December 16, 1968, he was granted a discretionary interview which lasted only a few minutes. The Board refused to reopen by checking a box on a form reading as follows:

> "It is the local board's opinion that the registrant is not a genuine conscientious objector and that his beliefs are no different now than they were prior to the issuance of his order to report for induction."

On January 2, 1969, petitioner sent a notice of appeal, which was ignored by the Board, and thereafter on February 6, 1969, submitted to induction pursuant to an order to report mailed on January 13, 1969.

## I

■ Regulation 1625.2, 32 C.F.R. 1625.2, provides that:

> " * * * the classification of a registrant shall not be reopened after the local board has mailed * * * an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control."

The issue here is whether there has been a "change in the registrant's status resulting from circumstances over which the registrant has no control." As far as a C.O. classification is concerned, this Circuit has held that this change in sta-

tus may crystalize after a registrant has received his notice to report for induction. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966); see also, United States v. Sandbank, 403 F.2d 38 (2d Cir. 1968); United States v. Stafford, 389 F.2d 215 (2d Cir. 1968). But the obligation of the Board to reopen under these circumstances arises only if the registrant has made out a *prima facie* case, based on objective standards. United States v. Gearey, 379 F.2d 915 (2d Cir. 1967), p. 922, n. 11. When the newly presented facts are not frivolous and present a *prima facie* case for a requested classification, a refusal by the Board to reopen and consider the merits of the claim constitutes a denial of procedural due process, " * * * since at once it denies the registrant the opportunity of personal appearance before the Board with the right to make a statement * * * and at the same time effectively forecloses an appeal from [the Board's] determination." United States v. Burlich, 257 F.Supp. 906, 911 (S.D.N.Y.1966).

## II

■ Ordinarily a decision of the Board on a question of classification may be overturned only if there is no basis in fact to support it. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). The Board's mere disbelief is not sufficient, of itself, to justify the rejection of a claim for exemption as a C.O. Batterton v. United States, 260 F.2d 233 (8th Cir. 1958). There must be " * * * some proof incompatible" with the registrant's *prima facie* claim for deferment or exemption. Dickinson v. United States, *supra*, 346 U.S. at p. 396, 74 S.Ct. 152. These principles of non-interference with the Board's decisions are equally applicable to the Board's determination whether to reopen the registrant's classification after he has received his order to report for induction. United States v. Burlich, *supra*. "A *prima facie* case is made out

if a registrant has presented facts which, if true and uncontradicted by other information contained in his file, would be sufficient under the regulations to warrant granting his requested classification." United States v. Burlich, *supra*, 257 F.Supp. at p. 911. Thus the Court must review the record to determine if it contains any refutation of petitioner's professed religious beliefs upon which his claim to C.O. status is based or anything to cast doubt upon his sincerity in adherence to his beliefs. *Cf.*, United States v. Sisson, 297 F.Supp. 902 (D.Mass.1969).

■ The problem posed is whether the petitioner has presented any *prima facie* evidence that there was a change in his status over which he had no control, which crystalized after he received his order to report for induction. He described a background of Catholic and religious training, attendance at church and a general philosophy of the brotherhood of man and a record of working in the Peace Corps. This, of course, was not sufficient to indicate any *change* in his prior status. However, he added that since he had already been deferred as a Peace Corpsman and hoped to be deferred as a teacher,[1] he made no effort to claim a C.O. classification. After the teacher deferment was denied and upon receipt of the new induction order, he claims that the immediacy of entering into the Armed Forces crystalized his views, based on his prior philosophy that life is holy and must be preserved, that he could not, in good conscience, perform military services and that, in fact, he was a conscientious objector. This is a close case. Whether the petitioner is sincere and is a genuine conscientious objector is not for this Court to decide. That claim is for the Local Board's determination. The point is that the petitioner, in the opinion of the Court, made a showing which is barely

sufficient to require the Board to reopen his case and afford him a hearing and the opportunity to appeal upon denial of his claim. *Cf.*, United States v. Ruppell, 278 F.Supp. 287 (E.D.N.Y.1968). See also, United States v. Corliss, 280 F.2d 808 (2d Cir. 1960), cert. denied, 364 U. S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960).

The writ must be granted and a hearing held consistent with this opinion. This is an order.

---

1. Prior to the request for a C. O. deferment, petitioner had requested an occupational deferment (II–A) predicated upon a teaching job in a Philadelphia poverty area. Although on the surface this has the appearance of grasping for straws, it does not, under the circumstances, militate against petitioner's rights to a reopening to determine if he is entitled to a C. O. classification.