**Vincent Robert DILLON, Petitioner,**

v.

**LOCAL BOARD NO. 236–A et al., Respondents.**

Civ. No. C 69–933.

United States District Court, N. D. Ohio, E. D.

Feb. 6, 1970.

John P. Calandra, Jr. of Avery, Calandra, O'Meara & Shumate, Cleveland, Ohio, for petitioner.

Timothy J. Potts, U. S. Atty., Cleveland, Ohio, for respondents.

### FINDINGS OF FACT and
### CONCLUSIONS OF LAW

CONNELL, District Judge.

This case was presented in Court to determine the legality of the Selective Service Order of Local Board 236–A issued on November 4, 1969, ordering the registrant to report for military service November 25, 1969. On November 25, 1969 the registrant was inducted, and a petition for a Writ of Habeas Corpus was filed in this District Court. The case was promptly set down for hearing, and after a review of the relevant facts and the registrant's file, this Court renders its findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

1. The Court finds that in November, 1968, the petitioner submitted himself to a qualification test as a prelude

to candidacy in the Warrensville Heights, Ohio Police Department.

2. On February 20, 1969, the petitioner was classified 1–A by Local Board 236–A.

3. The Court finds that no appeal of classification was made, although instructions as to how and when to appeal were included with the notice of the 1–A classification.

4. The Court finds that the petitioner was ordered on July 18, 1969 to report for induction into the U.S. Army on August 4, 1969. (SSS Form 252.) Upon request by the petitioner, the August 4, 1969 induction was postponed until October, 1969, to permit the registrant to be married. Govt's. Exh. 1–G.

5. The petitioner was again ordered to report for induction by order issued October 6, 1969, setting induction for October 30, 1969.

6. The Court finds that this second order of induction was postponed "30 days to allow U.S. Army O.C.S. enlistment." Govt's. Exh. 1–H.

7. The Court finds that on October 21, 1969, the petitioner was admitted to the Police Department of Warrensville Heights and sworn in as a patrolman.

8. On November 4, 1969, the petitioner was ordered to report for induction on November 25, 1969.

9. A letter was received by Local Board 236–A on November 10, 1969 from the Chief of Police of Warrensville Heights, requesting the petitioner deferred from military service.

10. On November 12, 1969, three of the four draft board members were contacted concerning the request for deferment of Vincent Robert Dillon. The letter having been read to each member, the decision was made not to reopen the registrant's file.

11. This decision of the board was reaffirmed on November 19, 1969.

12. A second letter was sent from Chief Burgess to the board on November 21, 1969 requesting a deferment for the petitioner.

13. The board members were reinformed as to the second request, and again the request was denied.

14. Induction took place on November 25, 1969, and a petition for writ of habeas corpus was timely filed.

In the instant case it is the position of the petitioner that he was denied an occupational deferment which was contrary to the policy of the board in granting deferments to policemen. Furthermore, the petitioner alleges that Local Board 236–A abused its discretion in refusing to believe that the petitioner was in the process of applying for employment in the Warrensville Heights Police Department, the result being a denial of equal protection of the law and a deprivation of liberty without due process in violation of the petitioner's constitutional rights.

■ At this time it is necessary to look at the scope of review that is permitted in this Court. The law as generally stated with regard to Selective Service cases prohibits a Court from interfering with the classification and order of a local board unless it finds that the acts of the board constitute an abuse of discretion, demonstrate no factual basis for the resulting classification, and amount to arbitrary and capricious acts constituting a violation of due process of the law. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L. Ed. 132 (1953); Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L. Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966). Therefore, it can be seen that the purpose of the Court in this instance is not to substitute its judgment or discretion for that of the local board, but rather to clarify the law as it pertains to the factual situation.

■ In United States v. Willard, 312 F.2d 605, 607 (6th Cir. 1963); the

Court in a per curiam decision citing *Estep* states that the scope of judicial review in the District Court "is a narrow one", and is specifically confined to the record of the local board. See Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947). The effect of this is to place specific limitations upon the reviewing court and confine all evidence to that which is contained within the registrant's file, thus preventing the Court from usurping the function of the local board. See United States v. Ruppell, 278 F.Supp. 287, 290 (D.C.E.D.N.Y.1968).

■ In reviewing 50 U.S.C.A. App. § 460(b) (3); it specifically states that "The decisions of the local boards shall be final." Further on in the same paragraph the code states that "(N)o judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, * * *." The effect of this language confers finality upon the action of the local board and prevents judicial review upon the final order except "That such review shall go to the question of the jurisdiction herein reserved to local board, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

■■ With respect to the rights of the petitioner before induction order has been issued, the scope of review of the district court is somewhat enlarged. In this instance the petitioner need present only a prima facie case for reopening of his file. See United States v. Burlich, 257 F.Supp. 906 (D.C.S.D.N.Y.1966). The effect of the application of the basis-in-fact test which is applied after a classification is finalized, is to confine the scope of judicial review and thus imposes a heavier burden of proof upon the petitioner to show that the classification of the local board is inconsistent with their regulations in light of the applicable facts presented to the board.

■ Therefore, in light of the cited cases, it can be seen that the judicial review of this District Court is significantly narrowed after the local board has issued new classification, and because of the expiration or exhaustion of the registrant's appeal rights, the order has become final. However, in the situation where a final order of induction has been issued, the scope of judicial review is further confined to the specific limitations of 32 C.F.R. § 1625.2[1], which narrows the review to an inquiry concerning an intervening and uncontrollable change of circumstances which would alter the registrant's status and warrant a classification of something other than 1-A. Where a final classification exists, the test for reopening the registrant's file must be confined to a basis-in-fact test, however, when the induction order has been issued upon the final 1-A classification, the confines of § 1625.2 further narrow the basis-in-fact test to an uncontrollable circumstance which could change the classification of the registrant. Thus it can be said that in such a situation the Court's inquiry is

---

1. When Registrant's Classification May be Reopened and Considered Anew.— The Local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SS Form 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

confined to determining whether there was any basis-in-fact for not reopening the file in light of a possible change in status over which the registrant had no control. United States v. Ruppell, supra, 278 F.Supp. 290. In light of this very confining scope of review the heavy burden of proof has shifted its entire weight upon the petitioner.

█ It must also be noted that a postponement of induction does not invalidate the original induction order, but rather operates to set the original order back until a final notice is issued. 32 C.F.R. 1632.2(d).[2] Furthermore, the duty of the registrant continues until such time as the final order is issued. 32 C.F.R. § 1623.14.[3] See Brede v. Allen, 69–864 (N.D.O.E.D. December 10, 1969).

█ It is the opinion of this Court that the requisite burden of proof imposed upon the registrant to show the existence of uncontrollable circumstances sufficient to nullify the order of the local board and reopen the petitioner's file has not been met.

On February 20, 1969, the local board classified the petitioner 1–A; which classification was never appealed. The order of induction was forwarded to the registrant on July 18, 1969, and was promptly received. The delays in the actual induction were on the motion of the registrant himself for the purpose of entering into marriage and making application into an officers' candidate program. Such actions were voluntary and in no way can be thought of as an uncontrollable and objective change in circumstance having the effect of nullifying the original induction order of July 18, 1969; thus closing any possibility of

providing the registrant a larger scope of review and a lesser burden of proof for the purpose of attacking the order of the local board.

The acceptance of a position in the Warrensville Heights, Ohio Police Department on October 21, 1969, after the original induction order was issued, was an act initiated by the petitioner himself and in no way comes within the requirement of an objective and uncontrollable change in the registrant's circumstances, and fails to constitute sufficient evidence to demonstrate the non-existence of a factual basis for the ruling of the local board, three months previous to his acceptance of new employment.

It should be pointed out that the members of the local board received and carefully reviewed all the correspondence pertaining to the status of the registrant on several occasions, and at each review they concurred that the outstanding order of July 18, 1969, should remain in effect.

█ With regard to the claim that the final notification to report for induction was invalid due to the fact that it was mailed to the registrant's former residence, which is where the petitioner's mother still resides; it is the opinion of this Court that this allegation is untenable. Clearly, no supporting evidence has been presented nor has any allegation been made that the registrant did not receive his final notification to report for induction.

Therefore, and in accordance with this opinion, the petition for a Writ of Habeas Corpus is denied, and the outstanding order of Local Board 236–A is sustained.

2. "A postponement of induction shall not render invalid the Order to Report for Induction (SSS Form 252) which has been issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having issued to him a new Order to Report for Induction (SSS Form 252)." 32 C.F.R. Section 1632.2(d).

3. " * * * If the time when the registrant is ordered to report for induction is postponed, it shall be the continuing duty of the registrant to report for induction upon the termination of such postponement and he shall report for induction at such time and place as may be fixed by the local board. * * *" 32 C.F.R. Section 1632.14.