**UNITED STATES of America,**
**Appellee,**

v.

**Ross Joseph GRIER, Appellant.**

**No. 13209.**

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1969.

Decided Sept. 18, 1969.

Albert Leon Stanback, Jr. [Henry E. Frye, Greensboro, N. C. (Court-appointed counsel) on brief], for appellant.

William H. Murdock, U. S. Atty. (Richard M. Dailey, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

BOREMAN, Circuit Judge:

Ross Joseph Grier appeals his conviction on a charge of failing to report for induction into the armed forces of the United States pursuant to an order of his local Selective Service Board, in violation of 50 U.S.C. App. 462(a). Upon a plea of not guilty, Grier was tried before the court without a jury; he was found guilty and sentenced to imprisonment for a term of twenty-four months.

On appeal Grier contends that the lower court erred in denying his "motion for dismissal" upon the ground that the order of the local board requiring him to report for induction was not a valid order. In support of this contention, he asserts: (1) that the local board was bound to reopen his classification upon his presentation of new information to support his claim of entitlement to a hardship deferment; (2) that the board conducted an investigation of the facts in connection with his request for a hardship deferment which action constituted a reopening of his classification; and (3) that the local board treated its action simply as a refusal to reopen, rather than a reclassification, and that he was thus denied an opportunity to appeal the classification in violation of his constitutional right to due process of law. We reverse.

On June 17, 1965, having previously registered with Local Board No. 42 in High Point, North Carolina, Grier was classified I-S (H) (deferment for high school students). On December 9, 1965, he was reclassified I-A and, on February 9, 1966, reclassified II-S (deferment for college students). On January 11, 1967, Grier was again classified I-A. On July 3, 1967, the local board received a letter from Grier requesting that his classification be changed to III-A (hardship deferment). Grier stated in his letter that his mother was a mental invalid and that his brother was a student, which meant that his family was primarily dependent upon him for support. There was no information in Grier's Selective Service file pertaining to his claim for a hardship deferment prior to the receipt of this letter. The clerk of the local board sent a written reply on July 10, 1967, requesting a physician's statement as to the mother's condition. On August 3, 1967, the local board received from Grier a Selective Service Form Number 118 (dependency questionnaire) in which he set out substantially the same facts recited in his earlier letter.

The local board requested a welfare report on Grier's family on August 31, 1967; the county welfare department submitted a report which was received by the local board on September 11, 1967, confirming Grier's statement that his mother was a mental invalid and disclosing that she was receiving $61.00 monthly in welfare payments.

On September 15, 1967, the local board sent a letter to Grier's brother, Alphonso, requesting him to meet with the board on September 19, 1967; Alphonso met with the board as requested and answered questions about the family's situation. On September 19, 1967, the local board sent a letter to defendant Grier, stating that the board felt it could not grant him a hardship deferment at that time. In the form for recording "minutes" on the back of Grier's Classification Questionnaire, the local board noted under the date of September 19, 1967, "file reviewed not re-opened."

On January 22, 1968,—having passed his physical examination—Grier was ordered by the local board to report for induction on February 8, 1968; he failed to report as ordered.

Under 32 C.F.R. 1625, upon receiving a written request to have a registrant's classification reopened, a local board may: (1) refuse to reopen the registrant's classification upon a determination that the information in the request fails to present any new facts, or, even if new facts are presented, such facts, if true, would not justify a change in the registrant's classification; or (2) reopen the classification and make a new determination as to what the registrant's classification should be in light of the newly submitted information and other information contained in the registrant's Selective Service file. The reopening of a classification is, in effect, the equivalent of a new classification and the registrant is entitled to the same right of appeal as in the case of an original classification. 32 C.F.R. 1625.11, 1625.12, and 1625.13.

It has been held that the question of whether or not additional evidence is of sufficient weight to require a reopening of a registrant's classification lies within the discretion of the local board, *so long as this discretion is not arbitrarily exercised.* Smith v. United States, 157 F.2d 176, 181 (4 Cir. 1946). However, the affidavits submitted by the registrant in the *Smith* case contained merely cumulative recitals of previously considered information, and there was evidence to show that the registrant was not devoting such time to ministerial work as necessary to establish a prima facie claim for the ministerial deferment which the registrant sought. As the court stated, "* * * [I]t cannot be said under the circumstances that the [local board's] discretion was arbitrarily exercised." *Id.* at 181.

Unlike *Smith*, in the instant case the facts presented by Grier upon requesting a reopening of his classification constituted new information which the local board had not previously considered, information as to facts, uncontroverted by other evidence, which made out a prima facie claim for a hardship classification and deferment. Here, Grier's local board clearly abused its discretion in arbitrarily denying a reopening of his classification. This conclusion gains support from decisions of other courts. In United States v. Walsh, 279 F.Supp. 115, 120 (D.Mass.1968), the court said: "If a registrant seeking to have his case reopened submits new facts not previously presented which make out a *prima facie* case for a different classification, the local board is *required* by law to reopen the case." *Accord,* United States v. Ransom, 223 F.2d 15, 17 (7 Cir. 1955); United States v. Burlich, 257 F.Supp. 906, 907, 910 (S.D.N.Y.1966).

Grier's letter requesting a hardship deferment and his subsequent Selective Service Form No. 118 questionnaire set out for the first time the facts that his mother was a mental invalid, that his brother was enrolled in school, and that his family was, for the most part, dependent upon him for support. No prior information of this nature appeared in Grier's Selective Service file. Thus, Grier's request for a hardship deferment presented new facts not previously considered which would have made out a prima facie case for a hardship classification.

In Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946), the Court held that "* * * [t]he question of jurisdiction of the local board is reached only if there is no *basis in fact* for the classification which it gave the registrant." (Emphasis added.) In United States v. Ransom, 223 F.2d 15, *supra,* the Seventh Circuit extended the *Estep* rule, requiring a basis in fact, to the action of a local board in determining whether or not changed conditions justified a reopening of the registrant's classification. The court stated: "* * *. The local board should not be able to escape the requirement of a basis in fact by simply refusing to reopen a registrant's file and consider it further. If a registrant makes a prima facie showing of right to a new classification, the board cannot refuse to give it to him unless it has at least a basis in fact for that refusal." *Id.* at 17. We find no basis in fact in Grier's Selective Service file to

justify the board's action in refusing to reopen his classification.

 It is abundantly clear that the board's extensive investigation—including the procurement of a report from the county welfare department on the condition of Grier's mother and the holding of a personal interview with Grier's brother—was, in effect, a reopening of the classification. The statements found in Miller v. United States, 388 F.2d 973, 976 (9 Cir. 1967), seem most appropriate:

"The local board did not deal with the alleged facts or evidence of appellant's conscientious objector form as a question of whether this legally could provide basis for a reopening to be made, so as to entitle consideration and evaluation to be engaged in thereafter under the general classification procedure of the regulations. It shortcut the situation by directly proceeding, without purporting to reopen, to a consideration of whether appellant was entitled to a conscientious objector classification on the merits of the probative elements of its file.

\* \* \* \* \* \*

"No more, in our opinion, is it validly possible for these rights [to appear, be heard, and appeal] to be cut off as to a conscientious objector claimant by a local board's choosing not to reopen, but to nevertheless engage in a similar consideration of the situation upon its merits, and then to accord to its classification result the status of a denial merely of the claimant's motion to reopen."

Here, Grier was deprived of his right of appeal by the local board's failure to treat his classification as reopened. A registrant's right of appeal following a reopening of his classification is established by 32 C.F.R. 1625.13. Denial of such right is a denial of due process from which Grier is entitled to relief. Accordingly, the order requiring Grier to report for induction was void and his conviction cannot be permitted to stand.

Reversed.