**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Henry Carvan BUCKNER, Defendant-Appellant.**

**Crim. A. No. 67–CR–158.**

United States Court of Appeals
Tenth Circuit.

Sept. 23, 1969.

Michael A. Williams, Denver, Colo., for defendant-appellant.

Milton C. Branch, Asst. U. S. Atty. and Lawrence M. Henry, U. S. Atty., for plaintiff-appellee.

Before HILL, TUTTLE* and HOLLOWAY, Circuit Judges.

TUTTLE, Circuit Judge:

Appellant Buckner was indicted for failure to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a). He was tried in the United States District Court for the District of Colorado, convicted of the charge, found to be a youth offender within the terms of 18 U.S.C. § 5005 et seq. and placed on probation for three years conditioned upon his entering the Armed Forces of the United States and serving honorably for a period of two years. Appellant is here before this Court on appeal contending that his Local Board abused its discretion in failing to reopen his case pursuant to an order of the State Selective Service and that his Local Board abused its discretion in failing to find specifically a change in Appellant's status resulting from circumstances over which he had no control. We find that both of these contentions are without merit.

Appellant registered with his Local Board No. 2 in Denver, Colorado as required by law on March 5, 1965. He received a I–A classification on April 21, 1965. On April 1, 1966, he received a Dependency Questionnaire and returned it to his Local Board. To supplement this questionnaire, his Local Board requested an investigation of Appellant's family by the Denver Welfare Department. The requested report was received and based on Appellant's entire file, he was given a six month III–A classification which expired November 15, 1966.

Appellant was reclassified I–A January 25, 1967, because his Local Board had not received any additional information to justify an extension of his III–A classification. The Clerk for the Local Board testified that she mailed appellant a Current Information Questionnaire November 16, 1966 but it was never returned. Appellant testified that he never received either the questionnaire or the notification of his new I–A classification. He stated that he first became aware of his I–A classification when he received his Order to Report for Induction on April 3, 1967.

Upon receipt of the induction notice on March 16, 1967, appellant got in touch with the Office of the Clerk of the Local Board and obtained a Dependency Questionnaire. This completed questionnaire and a letter received by appellant's mother that foreclosure proceeding would begin soon against her house if no payment was received was sent to the State Selective Service by the Clerk of the Local Board. This was done because the State Selective Service was the proper authority for postponing the induction. This first request for postponement was denied. However, a personal second request by appellant to the State Selective Service was granted to give appellant "the benefit of the doubt."

■ The State Selective Service sent a letter to the Local Board postponing the induction for 30 days. This letter which is the basis of appellant's first contention stated in part:

> If the Local Board considers the new evidence to be sufficient to justify a different classification or reclassifica-

tion, it shall open and classify anew and in such case advise the registrant that the induction is cancelled.

This letter is clearly nothing more than a *request* by the State Selective Service to reclassify appellant *if, and only if,* the Local Board considered the new evidence to justify it. The Local Board maintained its normal discretion to determine whether the new evidence justified not only reclassification but also the reopening. The Local Board did not feel that the "new" evidence justified reopening and sent appellant a new order for induction. It is this order to which the appellant did not submit.

Appellant argues that the Board had a duty to reopen when "ordered" by the State Selective Service pursuant to § 1625.3 of the Selective Service Regulations.[1] This provision is not applicable here, for the State Selective Service did not request or order a reopening *per se* but a reopening only if the Local Board thought it was justified. This position is reenforced by the third paragraph of the State Selective Service letter to the Local Board:

> *If* the Local Board determines not to reclassify, it should so advise the registrant by letter.

█ ██ The Courts are not to weigh the evidence to determine whether the classification made by the Local Board was justified; even erroneous decisions are final if some *basis in fact* to support the finding exists. United States v. Ruppell, 278 F.Supp. 287 (E.D.N.Y.1968). Appellant argues that there was no basis in fact to support the I–A classification since appellant's major evidence of hardship before the Board was precisely that information which had been before the Board in April of 1966 and which was the basis for granting appellant a III–A classification. We find differently. Appellant's mother had remarried since his first III–A classification and therefore was not depending on him entirely for support as required by § 1622.30(b).[2] Moreover, appellant had earned little more than $100 per month, was unemployed and had not held a steady job the entire year. We believe that these factors do support the "basis in fact" test.

█ The cases which appellant cites are not applicable here, for they deal with cases where the defendant had not received induction orders. Once defendant has received an induction notice, the *prima facie* case test is not applicable. See United States v. Ruppell, 278 F.Supp. 287, 290 (E.D.N.Y., 1968).

[5] As to the second contention of the appellant, the local board is required to make a specific finding that there has been a change in the registrant's status resulting from circumstances over which the registrant has no control only when the local board makes a reclassification on its own initiative after an induction notice has been issued. This authority is given to the Board by § 1625.2. However, the Board was acting not on the authority of § 1625.2 but § 1625.3 which has no "specific finding" provision.[3]

1. § 1625.3 WHEN REGISTRANT'S CLASSIFICATION SHALL BE REOPENED AND CONSIDERED ANEW. (a) The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service or the Director of Selective Service and upon receipt of such request shall *immediately* cancel any Order to Report for Induction (SSS Form 252) or Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) which may have been issued to the registrant.

2. § 1622.30(b) In Class III A shall be placed any registrant whose induction into the Armed Forces would result in *extreme hardship* (1) to his parent * * * grandparent * * * *who is dependent* upon him for support. * * *

3. § 1625.2 * * * [T]he classification of a registrant shall *not* be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 262) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) *unless* the local board first specifically find there has been a change in the regis-

Appellant argues that the Board could have acted on § 1625.2 and that the letter appellant's family received from a creditor's law firm threatening foreclosure on appellant's home was *new* evidence and a change in status over which appellant had no control. We find differently for appellant's mother had not paid her mortgage notice since June of 1966. The letter from the law firm which constituted the "new evidence" was received in March of 1967. It can hardly be said that a nine month delinquent mortgage note was either new or "news" to appellant who claimed to have been supporting his mother and grandmother.

We, therefore, find that the appellant's contentions are without merit and the judgment of the District Court is affirmed.

trant's status (after the induction notice has been issued) resulting from circumstances over which the registrant had no control.