Joseph **CLARK**, Petitioner,

v.

**Commanding Officer, Commander Thomas M. VOLATILE**

and

**Secretary of Defense, Respondents.**

**Civ. A. No. 70–177.**

United States District Court, E. D. Pennsylvania.

Feb. 20, 1970.

Read Rocap, Jr., Media, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., for respondents.

## OPINION AND ORDER

HANNUM, District Judge.

Petitioner, Joseph Clark, filed a petition for a writ of habeas corpus on January 16, 1970, alleging that he had been unlawfully inducted into the United States Army. An Order to Show Cause was issued, and a hearing was held on January 20, 1970.

In support of his position, petitioner asserts: (1) That the local board considered his request for an occupational deferment on the merits but treated its action simply as a refusal to reopen, rather than a reclassification, and that he was thus denied an opportunity to appeal the classification in violation of his constitutional right to due process of law, and (2) that, in any event, the local board was bound to reopen his classification upon his presentation of new information to support his claim of entitlement to an occupational deferment.

Clark is a registrant of Local Board No. 58, Lansdowne, Pennsylvania. On July 15, 1969, after graduation from college, he was reclassified 1–A.

On October 6, 1969, Clark applied for and obtained a position as a substitute teacher in the Ridley School District. After taking a pre-induction physical examination Clark was notified, on October 30, 1969, that he had been found acceptable for duty in the Armed Services. On November 19, 1969 the local board sent petitioner an order to report for induction on December 2, 1969.

Subsequently, on November 23, 1969, the petitioner received a request from the Ridley School District to assume a teaching position on a full time basis by reason of an emergency withdrawal of a teacher. Thus, on November 23, 1969, petitioner wrote to the local board and requested that the board postpone his induction and review his deferment status. Similarly, on November 24, 1969, the Superintendent of Schools of the Ridley School District wrote to the board advising that the registrant would become a full time teacher on December 1, 1969. Subsequently, petitioner accepted the teaching position and the School Board made the formal appointment.

Thereafter, Clark's induction was postponed until January 16, 1970 pursuant to 32 C.F.R. 1632.2 as a result of his illness. Then, on January 6, 1970, the Superintendent of Schools notified the board in writing that Clark was on the teaching staff, under contract, and had begun full time teaching as of December 3, 1969. Finally, on January 14, 1970 the local board met to consider the request for an occupational deferment. At the conclusion of this meeting an entry was made in the petitioner's file to the effect that the board, after reviewing the entire file, voted unanimously to refuse to reopen petitioner's classification. Both the petitioner and the Ridley School district were so notified and Clark was advised to report for induction on January 16, 1970 as previously ordered. Petitioner did report and was inducted into the Army. Thereafter, he immediately filed this Petition for a Writ of Habeas Corpus.

It thus appears that a reopening of the petitioner's classification was not requested until after his order to report for induction had been issued. Pursuant to 32 C.F.R. 1625.2 a local board shall not reopen a registrant's classification after it has issued an order to report for induction unless it specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

Thus, under these circumstances, the board was required to consider and review the entire file and all the information submitted by the school and the registrant in order to determine: (1) if there was a change in petitioner's status which occurred subsequent to the issuance of the order to report for induction; and (2) whether this change in status resulted from circumstances over which the petitioner had no control. United States v. Gearey, 368 F.2d 144 (2d. Cir.), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967); Keene v. United States, 266 F.2d 378 (10th Cir. 1959). If the board specifically finds that there was a change in status resulting from circumstances over which the registrant had no control it then must determine if this change in status is based upon facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification. 32 C.F.R. 1625.2(a). If the registrant has submitted new facts not previously presented which make out a *prima facie* case for a different classification, the local board is required by law to reopen the case. United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir. 1953).

Once a classification is reopened the local board must cancel any order to report for induction, 32 C.F.R. 1625.14, and must reclassify the registrant, 32 C.F.R. 1625.11. The registrant is then entitled to a notice of his reclassification pursuant to 32 C.F.R. 1625.12, and to an appearance before the local board and an appeal from its decision pursuant to 32 C.F.R. 1625.13. A local board may not deprive a registrant of this right to appeal by referring to its action as a re-

fusal to reopen when in effect it has actually reopened the classification and passed upon the merits of the claim. United States v. Turner, 421 F.2d 1251 (3d Cir. Feb. 10, 1970); United States v. Grier, 415 F.2d 1098 (4th Cir. 1969).

██ However, in the present case, there is no evidence which indicates that the local board did anything more than refuse to reopen petitioner's classification. Petitioner has offered no evidence which indicates that the board in effect reopened his classification and passed upon the merits of the claim. In fact, the only evidence before the court is the notation in petitioner's file which specifically states that the board refused to reopen petitioner's classification. When a local board refuses to reopen a classification there is no right of appeal. United States v. Turner, *supra*. Thus, this Court concludes that petitioner's first contention is without merit.

Similarly, petitioner's second contention is not well taken. It is apparent that there was a change in petitioner's status which occurred subsequent to the issuance of the order to report for induction. Prior to November 19, 1969, petitioner was employed as a substitute teacher whereas, subsequent to that date, he attained the status of a full time teacher. Thus, implicit in the refusal of the board to reopen petitioner's classification is a finding by the board that this change in status was not due to circumstances beyond petitioner's control and/or that petitioner had not made out a prima facie case for a different classification.

██ The scope of judicial review in Selective Service cases is limited to whether there is a basis in fact for the Board's decision. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Thus, the initial issue presented by petitioner's second contention is whether there exists a basis in fact upon which the board could have based a decision that petitioner's change in status was not due to circumstances beyond his control.

██ After a careful review of the record the court concludes that the voluntary acceptance by the petitioner of the full time teaching position offered by the School District was not a circumstance beyond petitioner's control. Even though the circumstances which initiated petitioner's change in status were the emergency withdrawal of a teacher and the offer of this position to petitioner by a representative of the School District it still remained for petitioner to accept the offer in order that this change in status be effected. Since this volitional act by petitioner resulted in petitioner's change in status the local board was specifically precluded from reopening by 32 C.F.R. 1625.2.

The court has carefully considered the case of Shook v. Allen, 307 F.Supp. 357 (N.D.Ohio, October 7, 1969) upon which petitioner relies. In that case the court held that the acceptance by the school system of an application submitted *prior* to the issuance of an induction order was beyond the petitioner's control. However, the petition in *Shook* did not enter into his commitment of employment agreement until subsequent to the issuance of the order to report for induction. That court did not consider the issue of whether a voluntary commitment to teach is within ones purposeful control. This court concludes that such a volitional act is indeed within ones control and therefore there was a basis in fact upon which the local board based its decision to refuse to reopen petitioner's classification. Since the board was specifically precluded from reopening petitioner's classification it is not necessary for this court to determine whether petitioner made out a prima facie case for a new classification. Accordingly, this court will deny the Petition for Writ of Habeas Corpus.