**Joseph CLARK, Appellant,**

v.

**Commanding Officer, Commander Thomas M. VOLATILE, Armed Forces, Examining and Entrance Station and Secretary of Defense.**

**No. 18548.**

United States Court of Appeals, Third Circuit.

Argued April 10, 1970.

Decided May 25, 1970.

John D. Egnal, Egnal & Egnal. Philadelphia, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Before SEITZ and ALDISERT, Circuit Judges and LATCHUM, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This appeal is from an order of the district court denying a petition for a writ of habeas corpus seeking petitioner's release from the custody of the United States Army. Petitioner asserts that his induction order was unlawful either because his local board erroneously refused to reopen his classification or, alternatively, because the board did in fact reopen and consider his classification anew while purporting to refuse to reopen.

## FACTS

Petitioner graduated from college in June 1969 and his local board classified him I–A in July. No appeal was taken. On October 6, 1969 he applied for a permanent teaching position with the Ridley Township School District. Informed that no full-time positions were then available, he became a substitute teacher.

On November 19, 1969 petitioner's local board sent him an order to report for induction on December 2, 1969. Subsequently, by letter of November 23, 1969, petitioner asked the local board to postpone his induction and reopen his classification. He told the local board he had just spoken to a school district official and that "[h]e advised me that a teaching position at the 6th grade level was open and he requested me to accept the position." A letter from the school superintendent accompanied petitioner's letter. It stated that petitioner would assume a full-time teaching assignment on December 1, 1969. It further explained that "[t]his appointment comes as a result of an emergency withdrawal of a present teacher" and that "[w]e are unaware of any available teacher for this class on such short notice."

A few days later Pennsylvania State Selective Service Headquarters called the local board to postpone the induction until January 16, 1970 because petitioner was ill.[1] The local board subsequently met on January 14, 1970 and it notified petitioner it would not reopen his classification. The regulations provide no right to appeal a local board's refusal to reopen. Accordingly, petitioner reported as ordered, was inducted and immediately filed this petition for a writ of habeas corpus. The district court rejected both of petitioner's claims in an opinion reported at 312 F.Supp. 426.

## DUTY TO REOPEN

If the local board illegally refused to reopen petitioner's classification the induction order was unlawful and the writ must be issued. A Selective Service regulation, 32 C.F.R. § 1625.2, provides in relevant part that

"The local board may reopen and consider anew the classification of a registrant * * * upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * *." See also 32 C.F.R. § 1625.4.

In the situation where no induction order has yet issued, it is established that when a registrant presents to a local board

---

1. A letter from a physician had been submitted to State Headquarters by petitioner's father.

facts which prima facie set forth a basis for reclassification the local board *must* reopen. Hunt v. Local Board No. 197, 423 F.2d 576, 579 (3d Cir. 1970).

■ Although the Government disagrees, we may assume that the letters concerning petitioner's full-time teaching status presented a prima facie case for an occupational deferment. A prima facie case alone, however, would not have required the board to reopen since the operative facts here occurred after the board had ordered petitioner to report for induction. The fact that we are concerned with a post-induction-order request for reopening is pivotal because the above-quoted reopening regulation contains the following proviso:

> "[T]he classification of a registrant shall not be reopened after the local board has mailed to the registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2.

Assuming that petitioner underwent a change in status after the induction order, the following issues appear: (1) Did petitioner's assumption of a full-time teaching position result from circumstances over which he had no control? (2) What is the scope of review of a board finding on this issue?

Petitioner argues that upon a *prima facie* showing that his change in status resulted from circumstances beyond his control the board was required to reopen. Under petitioner's theory we would apparently determine de novo whether a prima facie showing had been made, as we would in a pre-induction-order case. Cf. Hunt v. Local Board No. 197, supra. The Government, on the other hand, argues that a board finding that the change in status was not beyond the registrant's control must be upheld if it has any "basis in fact." Petitioner's interpretation would seem to be negated by the language of the proviso that requires the board to "specifically find" a change beyond the registrant's control before it can reopen; we can hardly hold that a board must reopen after only a prima facie showing of no control, when the regulation clearly requires that the board *specifically find* no control before it can reopen. On the other hand, it might be argued that the Government's basis-in-fact test is inappropriate in a case like the present one where the "control" question seems to be an essentially legal issue. In any case, we need not attempt any resolution of this conflict concerning scope of review here, since we are convinced that petitioner did not make even a prima facie showing that his change in status was due to circumstances beyond his control.

■ We say this because the controlling factor that accomplished petitioner's change in status was his voluntary acceptance of a full-time teaching position. His becoming a full-time teacher was not involuntary or beyond his control. The school authorities requested him to accept the position. He could have accepted or rejected it and he chose to accept it.

■ Petitioner emphasizes that the language of the proviso requires only that the "circumstances" bringing about the change in status be beyond the registrant's control, not the change itself. Accordingly, he asserts that the key circumstance here was the emergency withdrawal of the teacher whose job he assumed. The whole transaction, he argues, was "generated by" the emergency withdrawal of his predecessor, a circumstance beyond his control.

We think such a view of the regulation is untenable. Petitioner's interpretation unduly minimizes the requirement that the change in status *result from* circumstances beyond the registrant's control. Petitioner's teaching status did not result from the sudden vacancy; it resulted from his voluntarily choosing to

fill that vacancy. The decisive circumstance causing petitioner's change in status was his acceptance of the job offer. This circumstance was certainly within his control.

Accordingly, we hold that the board did not unlawfully refuse to reopen petitioner's classification.

### DE FACTO REOPENING

Petitioner argues alternatively that the local board shortcut consideration of his reopening claim and in fact considered the merits of his classification. Since the board labelled its action as a refusal to reopen, petitioner argues, he was improperly denied an administrative appeal from a decision on the merits and his induction order is thereby invalid. See United States v. Noonan, 2 SSLR 3588, No. 18031 (3d Cir. April 6, 1970); United States v. Grier, 415 F.2d 1098 (4th Cir. 1969); Miller v. United States, 388 F.2d 973 (9th Cir. 1967).

It has been argued that the de facto reopening doctrine has no application to a post-induction-order request for reopening. The basis for this position is that before there can be a reopening in such cases the board must specifically find that there has been a change in status due to circumstances beyond the registrant's control. To determine if there has been a change in status, it is argued, the board necessarily must determine if the registrant would now qualify for a deferment or exemption. Again, we need not attempt to resolve this problem since it is clear to us that petitioner has simply not shown any de facto reopening.

Petitioner's claim is based primarily on a handwritten local board memorandum of the telephone call from State Headquarters telling the local board to postpone his induction because of illness. In relevant part the memorandum states that "State Headquarters informed us to postpone on medical evidence and if local board wants to defer on teaching status, consider and request cancellation."

Apart from the memorandum the only record of the local board's action is as follows: (1) the stamped notation "Entire file reviewed and considered. Classification not reopened" on a sheet entitled "Minutes of Actions by Local Board" in petitioner's file; (2) a memorandum in petitioner's file noting that the school superintendent had been informed of the board's decision and that the "Local Board considered entire file and information submitted by the school and the registrant"; (3) a letter to petitioner stating that "The Local Board reviewed and considered your entire file at their meeting of 14 January 1970 and they feel your classification should not be reopened"; and (4) a letter to the school superintendent stating that "the Local Board reviewed and considered the entire file for the above captioned registrant and they feel the classification should not be reopened."

 Official acts, of course, have a presumption of regularity. None of the official notations of the board's action indicate that it acted improperly. The memorandum of the telephone call from State Headquarters is hardly proof that the board short cut its function and in fact considered the classification on its merits. See United States v. Buckner, 415 F.2d 1175 (10th Cir. 1969). The evidence of de facto reopening in this case falls far short of that present in our *Noonan* case, where the local board made specific findings that the registrant's claim "does not have merit" and that he "does not meet the criteria for C.O." We cannot on this record say that petitioner has shown a de facto reopening of his classification.

The order of the district court will be affirmed.

ALDISERT, Circuit Judge (concurring).

Because appellant submitted his request for reopening after receiving his order for induction, he had the burden first of demonstrating a change in status resulting from circumstances over which he had no control, 32 C.F.R. § 1625.2,

and further of presenting information not previously considered by the local board which would justify a change in classification. A failure to establish these elements is a failure to establish an entitlement to reopening.

As I read the regulations, a change in status beyond the registrant's control is a condition precedent to the board's obligation to examine the information newly presented. The regulations specify that the "local board [must]· first specifically [find] there has been a change * * * over which the registrant had no control." Appellant did not satisfy that burden. Indeed, the district court found that the change in status was within his control, and this court has agreed.

In my view, we need go no further. In Hunt v. Local Board No. 197, 423 F.2d 576 (3 Cir. 1970), this court, confronted with the denial of a pre-induction request for reopening, remanded to the district court for a determination whether a *prima facie* case for reopening had been established. I dissented on the grounds that the district court was not empowered, in a pre-induction setting, to make such an inquiry and that the registrant had the right to an administrative appeal irrespective of the presence of a *prima facie* case. In the instant case, however, no such pre-induction restrictions on judicial review apply. And the court has found as a matter of law that appellant was not entitled to a reopening because he failed to demonstrate that the change in status was beyond his control. Thus we need not reach the questions of a *prima facie* case or of the right to an administrative appeal as we did in *Hunt*.

Having decided as a legal matter that appellant did not qualify to have his file reopened since the circumstances of the changed status were within his control, we have said in effect that no determination other than that reached by the local board could reasonably have been made under the uncontested facts. This decision alone should control our disposition here.