**Dennis E. PIENDAK, Plaintiff,**

v.

**LOCAL BOARD NO. 5, Defendant.**

**Civ. A. No. 70-1064.**

United States District Court,
W. D. Pennsylvania.

Nov. 2, 1970.

Richard L. Rosenzweig, Rosenzweig & Rosenzweig, Pittsburgh, Pa., for plaintiff.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

In this action, a Selective Service registrant seeks pre-induction judicial review of the decision of his Local Board refusing to reopen his I–A classification after he had been issued an order to report for induction. Plaintiff desires the reopening in order to present to the Board a request for a II–A occupational deferment. It is contended that the failure of the Board to reopen plaintiff's classification after he allegedly presented a prima facie case of changed conditions entitling him to a reclassification constituted a deprivation of due process of law. The relief asked here is a declaration of the invalidity of the Board's order to plaintiff to report for induction, an injunction against plaintiff's induction and a directive that the Board reopen his classification.

The defendant filed a Motion to Dismiss the Complaint. A hearing has been conducted upon both the Motion to Dismiss and plaintiff's request for a preliminary injunction. Upon consideration of the pleadings, evidence adduced at the hearing, arguments of counsel and the applicable law, the Court concludes that the Motion to Dismiss should be de-

nied and that the request for a preliminary injunction also should be denied.

The facts are largely undisputed. Plaintiff is registered with Local Board No. 5, New Britain, Connecticut. He is currently a resident of Pittsburgh, Pennsylvania. During the period from the fall of 1965 to the spring of 1969, in which plaintiff attended Bard College, he received II–S student deferments. In June of 1969, plaintiff advised his Local Board that he would be entering the graduate school of the University of Pittsburgh in the fall of that year to study urban management.

The Board re-classified plaintiff I–A on July 16, 1969. On August 19, 1969, plaintiff wrote a letter to the Board in which he stated that he would be in Pittsburgh "for the purpose of studying for a Master's Degree in Urban Management" and requested a personal appearance relative to his I–A classification. Plaintiff commenced full-time graduate study on September 4, 1969. On September 30, 1969, plaintiff also undertook a full-time job as Administrative Assistant to the Manager of the Borough of Monroeville, which job plaintiff maintained concurrently with his studies.

On October 10, 1969, Mrs. Celia Wierbicki, Executive Secretary of the Board, wrote plaintiff advising:

"Dear Sir:

Your presence is requested at the next meeting of Local Board No. 5, to be held on Wednesday, October 15th in Room 206, Post Office Building, 120 West Main St., New Britain, Conn.

We have scheduled your appointment for 8:30 p. m.

Yours very truly,

/s/ Celia Wierbicki

(Mrs.) Celia Wierbicki

Executive Secretary"

Attached to this letter was a typewritten note, also from Mrs. Wierbicki, stating:

Mr. Piendak:

Under present regulations, the President has seen fit to postpone the Induction of first year graduate students until the end of their academic year. If this is your purpose for the appearance, you can write this Board a note stating you will not appear because of distance and the new regulations set down by the President.

Mrs. Wierbicki."

Plaintiff responded to the aforequoted letter and note by a telephone call to Mrs. Wierbicki on October 13, 1969 wherein he stated that, inasmuch as first-year graduate students would have their inductions postponed by Presidential order, he would not appear for the hearing scheduled for October 15, 1969. He confirmed this intention in a letter to the Board of the same date:

"Gentlemen:

Thank you for your letter of October 10, 1969 notifying me to appear before you on Wednesday, October 15 at 8:30 P.M.

My original request for an appearance was to discuss my present status as a full-time graduate student. However, it has recently come to my attention that the President has changed present regulations, thereby allowing graduate students to finish their academic year. For this reason, and that of distance from New Britain, I will not appear on October 15.

Thank you for your consideration.

Sincerely yours,

Dennis E. Piendak"

In neither the telephone conversation nor the letter did plaintiff mention that, in addition to being a full-time graduate student, he had also undertaken a full-time job as Administrative Assistant to the Manager of the Borough of Monroeville.

On November 21, 1969, the Board issued an order for plaintiff to report for induction on December 4, 1969. The order was accompanied by a typewritten note from Mrs. Wierbicki requesting that plaintiff submit to the Board a letter requesting the postponement of induction until the end of his academic year at graduate school. Plaintiff sub-

mitted such a request on November 28, 1969 and, on December 9, 1969, the Board notified defendant that his induction would be postponed until September of 1970.

On March 16, 1970, plaintiff wrote the Board an extended letter in which he advised that he had been appointed Administrative Assistant to the Manager of the Borough of Monroeville on September 30, 1969 and requested a personal appearance before the Board to support his request for a II–A occupational deferment. Enclosed were two letters from the Borough Manager and President of the Allegheny County Boroughs Association, both supportive of plaintiff's assertion that he was engaged in an occupation necessary to the maintenance of the national health, safety, and interest.

Upon receipt of the request for a reopening of plaintiff's classification, the Board asked the President of the Allegheny County Boroughs Association for further information as to the number of hours plaintiff worked and his salary. An answer was not immediately forthcoming, and, before receipt of the answer, the Board voted on June 17, 1970 not to reopen plaintiff's classification. The reply later was received by the Board, as was also a demand from plaintiff's counsel that he be afforded a personal appearance. The Board again voted on July 15, 1970 not to reopen plaintiff's classification. On August 28, 1970, plaintiff was directed to report for induction on September 30, 1970.

■ The initial matter for determination is defendant's Motion to Dismiss, which raises issues of insufficient service of process, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. Although plaintiff has properly served the named defendant, an agency of the United States, under Rule 4(d) (5) of the Federal Rules of Civil Procedure, he has not met the additional requirements of Rule 4(d) (4) and (5), that copies of the Summons and Complaint also be served upon the United States Attorney and Attorney General of the United States. As it happened, however, a member of the office of the United States Attorney was present in the courtroom when plaintiff first requested a temporary restraining order, and the United States Attorney has vigorously represented the United States and the particular agency involved throughout the ensuing proceedings. It would appear that adequate notice of the suit has been afforded to the United States, and no prejudice has been asserted or is perceived to have resulted either to the United States or the agency involved. Accordingly, this ground for the Motion is rejected.

Defendant also asserts lack of subject matter jurisdiction, relying in particular upon Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. Section 460(b) (3). That provision states in pertinent part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form. * * *"

■ In the recent case of Bucher v. Selective Service System, Local Boards Nos. 2, etc., 421 F.2d 24 (3d Cir.1970), the Third Circuit Court of Appeals had occasion to consider the scope of Section 10(b) (3) as a bar to pre-induction judicial review. Determining that Section 10(b) (3) did not prohibit pre-induction review to registrants whose local boards denied them statutorily mandated ministerial exemptions by applying invalid delinquency regulations against them, the Court of Appeals stated at p. 27:

"Section 10(b) (3) does not bar pre-induction judicial review where, as

here, the validity of the Selective Service System's delinquency reclassification procedures is challenged on the grounds that they lack statutory authorization, and/or violate constitutional rights. *The Section bars pre-induction judicial review only where there is a challenge to the System's resolution of factual questions in the classification or processing of a draft registrant.* There is here no such challenge." (Emphasis supplied.)

In the instant case, plaintiff does not challenge the resolution of any factual questions by the Board. Rather, he contends that the failure of the Board to reopen his classification after he allegedly had established a prima facie case of changed conditions entitling him to a reclassification constituted a denial of procedural due process. Pre-induction review of such a contention is not barred by Section 10(b) (3), and subject-matter jurisdiction therefore exists.

■ Dismissal is also sought on the ground that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges that he presented the Board with a prima facie case of changed conditions entitling him to a re-classification. The relevant Selective Service regulation, 32 C.F.R. § 1625.2 provides in part:

"The local board may reopen and consider anew the classification of a registrant * * * upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * *." See also 32 C.F. R. § 1625.4.

Where an induction order has not yet issued, a local board must reopen a registrant's classification upon a showing by him of facts which prima facie set forth a basis for reclassification. Clark v. Commanding Officer, 427 F.2d 7, 9–10 (3d Cir.1970); United States v. Turner, 421 F.2d 1251, 1252 (3d Cir.1970); Gar-

rell v. Commanding Officer, 312 F.Supp. 386, 389 (E.D.Pa.1970).

■ Here, however, it is alleged that the request for a reopening was made subsequent to the issuance of an order to report for induction. With respect to a post-induction-order request for reopening, the above-quoted regulation contains the following proviso:

"(T)he classification of a registrant shall not be reopened after the local board has mailed to the registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

Under this proviso, a registrant seeking a post-induction-order reopening must establish not only that there are changed conditions entitling him to a reclassification but also that the changed conditions occurred after the induction order and occurred as a result of circumstances beyond the registrant's control. Clark v. Commanding Officer, *supra,* 427 F.2d at p. 10; United States v. Kroll, 400 F.2d 923, 925 (3d Cir.1969).

Plaintiff alleges that he became a full-time employee of the Borough of Monroeville on September 30, 1969, seven weeks before the issuance of an order for him to report for induction. It is this change of circumstances which plaintiff asserts as a basis for his request for a II–A occupational deferment. Clearly, this change of circumstances neither occurred after the issuance of the order to report for induction nor resulted from circumstances beyond the registrant's control.

■ Plaintiff alleges, however, that he would have presented his request for reclassification to the Board prior to the issuance of the order to report for induction, had a representative of the Board not affirmatively represented to him that he would be receiving a II–S classification until the conclusion of his academic year in September of 1970, at which time he would have had an oppor-

tunity to challenge any reclassification. It is my judgment that this allegation, if proven, would estop the Board from asserting that plaintiff failed to comply with the several requirements for post-induction-order reopening set forth in the proviso. Rather, in such circumstances, plaintiff could only be held to the requirement for a pre-induction-order reopening, i. e. that he present facts which prima facie set forth a basis for reclassification. Held only to this requirement, plaintiff has alleged facts sufficient to support a claim. Accordingly, the Motion to Dismiss will be denied.

■ However, turning to the evidence presented in support of the request for injunctive relief, the Court finds no basis in fact for the allegation that a representative of the Board misled plaintiff into believing that he would be receiving a II–S deferment during his year of graduate study. Plaintiff has received II–S deferments during each of his four years at college. Upon graduation from college in the spring of 1969, he advised the Board that he would attend graduate school in the fall. The Board then reclassified plaintiff I–A. Plaintiff sought a personal appearance, specifically referring to his contemplated graduate study. On October 10, 1969, Mrs. Wierbicki, Executive Secretary of the Board, corresponded with plaintiff, advising him that a date for his personal appearance had been scheduled but that, if the personal appearance was sought relative to plaintiff's contemplated status as a graduate student,

it would be unnecessary for him to appear since "the President has seen fit to postpone the induction of first year graduate students until the end of their academic year."

Plaintiff would have the Court find in this correspondence a representation that plaintiff would receive a II–S deferment during his first year of graduate study. However, the correspondence refers neither to a II–S classification nor to a deferment but rather to a postponement of induction.[1] There is no ambiguity in the language used. Plaintiff's own misunderstanding, if such there was, cannot be attributed to anything Mrs. Wierbicki stated to plaintiff. Moreover, if plaintiff was in doubt as to the status he would acquire as a graduate student he would have done well to heed the recommendation contained in SSS Form 217, which accompanied his notice of a I–A classification. SSS Form 217 specifically advises the registrant of his right to seek advice from a Government Appeal Agent on Selective Service matters.

Plaintiff also contends that, had he not been induced to forego his personal appearance before the Board on October 15, he would have informed the Board at this appearance of his recently acquired position as Assistant to the Manager of the Borough of Monroeville. This cannot be accepted. Plaintiff was advised by Mrs. Wierbicki to forego his appearance *if* his purpose was to present the Board with the information that he was a graduate student. In his letter and telephone call to the Board, both of Oc-

---

1. It may be observed that plaintiff was not entitled to a II–S deferment. Section 456 (h) (1) of the Military Selective Service Act of 1967, 50 App. U.S.C. § 456(h) (1), and the applicable Selective Service regulation, 32 C.F.R. § 1622.26, considered together, provide for the granting of a II–S deferment to registrants pursuing graduate study in medicine, dentistry, allied medical fields and "in such other subjects necessary to the maintenance of the national health, safety, or interest as are identified by the Director of Selective Service upon the advice of the National Security Council." The decision of the

National Security Council was not to certify additional courses of study other than medicine, dentistry and allied medical fields. SSLR Practice Manual, Para. 1054 at p. 1052, and Para. 1057 at p. 1054. Consequently, plaintiff's graduate study would not have qualified him for a II–S deferment.

Nor would a I–S deferment be available since plaintiff was precluded from the same by virtue of his having been deferred previously in Class II–S and having obtained his baccalaureate degree. 50 App. U.S.C. § 456(h) (1) and (i) (2), 32 C.F.R. § 1622.15.

tober 13, 1969, plaintiff confirmed that such was his purpose and cancelled the scheduled appearance. In neither the letter nor the telephone call did plaintiff indicate that he had acquired a full time job as assistant to the Manager of the Borough of Monroeville. It was plaintiff's duty to inform the Board promptly of such changes of circumstances as might justify his reclassification. 32 C.F.R. § 1625.1(b) provides in pertinent part:

> "Each classified registrant * * * shall, within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification, such as * * * any change in his occupation * * *"

Plaintiff did not comply with this Section.

There being no substantial excuse for plaintiff's failure to request a reopening of his classification prior to the issuance of the order for him to report for induction, plaintiff must be held to the requirements of the proviso to the reopening regulation, 32 C.F.R. § 1625.2. These requirements plaintiff has failed to meet. Plaintiff has not established that the change of conditions occurred after the issuance of the order to report for induction or so close thereto as to preclude his rendering notice to the Board before the issuance of the Order. Clark v. Commanding Officer, *supra*, 427 F.2d at 10; United States v. Kroll, *supra*, 400 F.2d at 925. Moreover, the acceptance of plaintiff's employment and perhaps also his continuance in this employment may not be said to be circumstances over which plaintiff had no control. Clark v. Commanding Officer, *supra*, 427 F.2d at 10.

Under the proviso to the reopening regulation, the Board must determine first that there has occurred subsequent to the issuance of an induction order a change of circumstances over which the registrant had no control. Only after making such a finding may the Board then consider whether the registrant has presented facts which prima facie estab-

lish his right to a reclassification and his right to a reopening. Since the Court finds that the facts do not establish that there occurred subsequent to the issuance of the order to report for induction changed circumstances over which plaintiff had no control, it is unnecessary to reach the question of whether plaintiff presented a prima facie case for a II–A reclassification.

The facts fail to support plaintiff's allegation that the Board denied him procedural rights required either by 50 App. U.S.C. § 460(b) (3) or the Due Process Clause of the Fifth Amendment to the Constitution. The request for a preliminary injunction is therefore denied on the ground that plaintiff has failed to show any likelihood of success in establishing his claim upon final hearing.

An appropriate order is entered.