Thomas J. MILSON, Jr.

v.

Robert G. HESS, Frank C. Cleary, Maurice W. Baehr, William C. Williams, and William J. Quinn, individually and as members of Selective Service Board 139.

Civ. A. No. 70–2564.

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1970.

Miles Warner, Philadelphia, Pa., for plaintiff.

John F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a matter arising under the Selective Service Act. The plaintiff is a duly enrolled student at Marquette University where he is pursuing graduate work leading to a degree of Doctor of Philosophy in Pathology. He brings this complaint seeking to permanently enjoin the defendants from inducting him into the armed forces and to direct the defendants to reclassify his selective service status to Class II-S.

A brief factual chronology is necessary to place the problem in its proper perspective.

Under the date of October 14, 1968, defendants sent plaintiff a notice that he had been classified I-A. Thereafter, plaintiff filed a request for a personal appearance which was granted and held on July 14, 1969. At that appearance, plaintiff requested an occupational deferment on the basis that he was a graduate student in biology at Villanova with a teaching assistantship. By a unanimous vote, the local board rejected his request and again classified him I-A. Under date of August 12, 1969, plaintiff filed timely appeal to the board's decision and on September 26, 1969 the Appeal Board upheld his I-A classification. On October 27, 1969, plaintiff was ordered to report for induction on November 10, 1969. Under date of November 3, 1969, plaintiff's induction was postponed until the July 1970 call to allow him to complete the academic year at Villanova. On June 23, 1970, plaintiff

was again ordered to report for induction but this notice contained no date on which to report. On August 30, 1970, plaintiff enrolled at Marquette in the graduate program leading to a Ph.D. in Pathology. On September 3, 1970, plaintiff was ordered to report for induction on September 21, 1970. This suit was thereafter filed and plaintiff's induction was postponed pending the decision of this court.

Plaintiff's case is based on the claim that although he is working toward the degree of Doctor of Philosophy in Pathology, he is a duly enrolled student in the Marquette University School of Medicine. The courses which he is now taking are the same courses which candidates for an M.D. degree are taking, and plaintiff's credits may eventually be applied toward an M.D. degree. Therefore, plaintiff claims that he is entitled to a II-S deferment as a registrant who is satisfactorily pursuing a course of graduate study in medicine pursuant to 32 C.F.R. § 1622.26.

There are several obstacles which must be overcome before this court could grant the relief requested. In pertinent part, 50 U.S.C. App. § 460(b) (3) states:

"No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecution instituted under (§ 462), after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards * * * only when there is no basis in fact for the classification assigned to such registrant."

■ The language of this section is unambiguous, straightforward and mandatory. This court does not have jurisdiction to review the actions of the local board except where their actions form the basis of a defense in a criminal prosecution or in a habeas corpus proceeding after induction. See Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

Plaintiff relies heavily on Breen v. Selective Service System Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653; Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Bucher v. Selective Service System Local Board, 421 F.2d 24 (3d Cir. 1970). These cases are clearly distinguishable and involve the narrow exception in which the local board lawlessly engaged in punitive reclassification because the registrants involved turned in their draft cards to protest the war. They are also distinguishable in that the deferrable status upon which each of the registrants relied was attained *prior* to his order for induction. Here, plaintiff did not enroll in his program for Ph.D. in Pathology until *after* an order to report had been issued. Therefore, this case does not fit within the limited boundaries of the exception to the prohibition of pre-induction judicial review outlined in the cases cited by the plaintiff.

■ Although it is unnecessary to go further, it may well be appropriate to comment on one further factor in support of the board's actions. Plaintiff first received an order to report for induction on October 27, 1969 which order was postponed on November 3, 1969. The postponement of an induction order does not render it invalid. 32 C.F.R. § 1632.2(d). There had therefore been an outstanding induction order with respect to plaintiff for some eight months prior to his enrolling at Marquette. The classification of a registrant cannot be reopened by a local board after it has mailed an order to report for induction unless it first specifically finds that there has been a change in the registrant's status resulting from circumstances over which he had no control. 32 C.F.R. § 1625.2. Implicit in the state board's refusal to reopen plaintiff's clas-

308

sification is the finding that the alleged change in status on which the plaintiff depends was the result of a volitional act and not resulting from circumstances beyond his control. The board was acting pursuant to its regulations and could not reopen the plaintiff's classification on the facts presented to it. See Clark v. Volatile, 427 F.2d 7 (3d Cir. 1970); United States v. Gearey, 368 F.2d 144 (2d Cir.), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967).

The court notes that it was deeply impressed with the sincerity of this young man and his desire to follow in the footsteps of his father with a career in the medical profession. However because of the clear and mandatory statutory language, this court is without power to grant the relief requested.

### ORDER

And now, this 22nd day of December, 1970, the defendants' Motion to Dismiss is granted.