UNITED STATES of America, Plaintiff-Appellee,

v.

Paul Robert FALZER, Defendant-Appellant.

No. 71–2033.

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1971.

Rehearing Denied Jan. 6, 1972.

**238**

Frank Retman (argued), of MacDonald, Hoague & Bayless, Seattle, Wash., for defendant-appellant.

Ernest Scott, Jr., Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before JERTBERG and CARTER, Circuit Judges, and LUCAS,* District Judge.

PER CURIAM:

Following trial to the court, appellant was convicted for refusing to submit to induction in violation of 50 U.S.C.A. § 462, and was committed to the custody of the Attorney General for a period of two years. Our jurisdiction to hear the appeal is based upon 28 U.S.C. §§ 1291-1294.

Appellant registered with Local Board No. 71 of the Selective Service System at Topeka, Kansas, on August 17, 1965. On August 23, 1965, he was classified I-A. On October 18, 1965, he was reclassified II-S (student deferment) because of his attendance at college, which classification he retained until September 15, 1969, when he was placed in class I-A.

On June 26, 1969, during the period of time appellant was classified II-S, he married Geri Lynn Roller of Topeka, Kansas. In September of 1969, appellant and his wife moved to Seattle, Washington, where appellant enrolled as a graduate student at the University of Washington.

On June 25, 1970, appellant was ordered by his Local Board (No. 71), to report at Topeka, Kansas, on July 13, 1970, for forwarding to the Armed Forces Induction Station.

On July 10, 1970, appellant's Local Board approved his request to be permitted to report for induction at Seattle, Washington, instead of Topeka, Kansas. On August 10, 1970, pursuant to authorization by appellant's Local Board, an "Order for Transferred Man to Report for Induction" was mailed to appellant by Local Board No. 3, State of Washington, to report for induction on August 27, 1970, at Seattle, Washington. On August 27, 1970, appellant reported for induction at Seattle, Washington, but knowingly failed, neglected, and refused to submit to induction.

On June 29, 1970, four days after appellant's Order to Report for Induction was mailed, appellant wrote the following letter to his Local Board in Topeka, Kansas:

"Local Board No. 71
Shawnee County
2831 West 29th Street
Topeka, Kansas 66614

Dear Sirs:

I am presently a graduate student at the University of Washington, Seattle, Washington, where I maintain permanent residence. In response to the receipt of my induction notice for July 13, 1970, I am requesting an extension of that date until the end of summer quarter at the University of Washington, which is August 22, 1970. Such an extension would enable me to complete my summer quarter courses.

Within the last ten days, and due to circumstances beyond my control, I have taken on another dependent: a nine year old boy, Ralph Edmond (my wife's son from a previous marriage). For the entirety of his life, he has suffered from the lack of a mother and father. He is very much in need of parental guidance, and my loss to him would create a severe psychological hardship both on him and on his mother, who would be unable to properly raise a child on her own. Further, due to low income and many debts, the addition of another dependent makes an already difficult financial situation more difficult yet, and with my absence from the family, the finaicial (sic) situation would become intolerable, leading to extreme hardship. Therefore, I am requesting a reopening of my I-A classification.

---

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

Since I am now living in the Seattle area and cannot afford a trip back to Kansas, I am further requesting, with regard to the above, a courtesy interview with a board in this area.

Thanking you kindly for your cooperation, I remain

Yours truly,

/s/ Paul R. Falzer

Paul R. Falzer"

Appellant furnished no additional information to his Local Board. By letter dated August 5, 1970, appellant's Local Board replied to appellant as follows:

"Paul R. Falzer 14–71–47–581
Department of Speech
107 Parrington Hall
University of Washington
Seattle, Wash 98104

Dear Sir:

At the meeting Monday evening August 3, 1970 the members of this local board reviewed and considered the information in your letter dated 29 June 1970 and found that there was no change in your status due to circumstances over which you had no control. The local board is prohibited from reopening your classification under these circumstances.

If your scheduled date of induction by the transfer board is prior to 22 August 1970 we will entertain your request for a postponement.

In reply to your request for a courtesy interview with a board in the Seattle Area it is not permissible for this board to grant such request.

BY DIRECTION OF THE LOCAL BOARD:

Jessie M. Mannschreck, Exec. Sec.

cc: State Director"

Appellant's main contention is that his letter of June 29, 1970 [quoted supra] to the Local Board, brought appellant prima facie within the requirements for a III–A hardship deferment, and that the refusal by the Board to reopen his classification constituted denial of due process and invalidated his order to report for induction. We disagree, and affirm the judgment of conviction from which the appeal is taken.

32 C.F.R. § 1625.2, provides in pertinent part:

"[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

In the instant case appellant concedes that his letter to the Local Board "requesting a reopening of my I–A classification" was mailed to the Local Board four days after he had received notice of his order to report for induction. The Local Board specifically found there was no change in appellant's status due to circumstances over which he had no control. The only changed circumstance set forth in appellant's letter to the Board was that within the ten days prior to the date of the letter, appellant had taken on, as a dependent, the nine-year old son of his wife by a prior marriage, and that the increased cost of supporting such child would make an already difficult financial situation more difficult; that it would become intolerable, and lead to extreme hardship.

It is apparent from the letter itself, as the Local Board found, that the act of the appellant in taking on another dependent was voluntary on his part and was not caused by circumstances over which appellant had no control. We are not required to pass upon appellant's contention that the contents of the letter made out a prima facie case for reopening his classification. As stated in United States v. Stacey, 441 F.2d 508 (9th Cir. 1971), at page 510:

"It is by now settled doctrine in this and other circuits that to be granted a reopening of his classification after an induction order has been issued, the registrant must not only present facts which, if true, would support a different classification, but must also

make a *prima facie* allegation following § 1625.2, that 'there has been a change in the registrant's status resulting from circumstances over which the registrant had no control'. Thus, in addition to presenting a *prima facie* case with respect to the requested classification, the registrant must also present a *prima facie* case of changed circumstances. See United States v. Weersing, 415 F.2d 130, 134–135 (9th Cir. 1969), cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Ehlert, supra,* 422 F.2d [332] at 335–336 (concurring opinion) [Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970) aff'd 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971)]; United States v. Maine, 417 F.2d 951, 953–954 (10th Cir. 1969); Clark v. Volatile, 427 F.2d 7 (3d Cir. 1970); Shook v. Allen, 307 F.Supp. 357 (N.D.Ohio 1969)."

We have carefully reviewed the record in the light of other contentions urged by appellant and find them to be without merit and deserve no discussion here.