**Ronald C. WIENER, Plaintiff,**

v.

**LOCAL BOARD NO. 4 and L. L. Brown, Clerk and Clifford E. Hall, State Director of Selective Service, Defendants.**

**Civ. A. No. 3755.**

United States District Court
D. Delaware.

Aug. 5, 1969.

L. Coleman Dorsey, Wilmington, Del., and Egnal, Simons & Egnal, Philadelphia, Pa., of counsel, for plaintiff.

F. L. Peter Stone, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for defendants.

## OPINION

STEEL, District Judge.

Plaintiff is a registrant under the Selective Service Act. He has been clas-

sified I–A by the Appeal Board and ordered to appear for induction by the Local Board on August 7, 1969. This action is against the Local Board, Brown, its Clerk, and Hall, the State Director of Selective Service. Plaintiff claims that (1) he was wrongfully denied the right to be heard on appeal, (2) his class I–A classification was illegal, and (3) the order to report for induction is invalid. The case is before the Court upon plaintiff's motion for a preliminary injunction (1) requiring plaintiff to be given a new appeal, (2) vacating his I–A classification, and (3) prohibiting his induction. The motion is supported by the verified complaint and exhibits introduced at the hearing before the Court. No papers in opposition have been filed by the defendants.

Jurisdiction exists under 28 U.S.C. § 1361 and § 1331, the amount in controversy exceeding $10,000, exclusive of interest and cost.

In support of his motion, plaintiff makes two arguments: (1) the reclassification of I–A by the Appeal Board is illegal in that it is based on a memorandum dated March 21, 1968, of the State Director which contravenes Section 1622.20(a) of the Selective Service Regulations, 32 C.F.R. § 1622.20(a); and (2) plaintiff was unlawfully denied the right to be heard on the appeal which resulted in his I–A classification. Without addressing themselves to the merits, defendants argue that Section 10(b) (3) of the Military Service Act of 1967, 81 Stat. 104, 50 U.S.C. App. § 460(b) (3) deprives the Court of jurisdiction to judicially review, prior to induction, the "classification and processing" of a registrant, subject to the stated statutory exceptions which are not presently applicable.[1]

The relevant facts appearing of record are these:

On June 28, 1968, plaintiff was classified II–A (occupational deferment) by

---

1. "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the regis-

the Local Board by reason of the fact he was employed as a teacher at the Wilmington Friends School. (¶ 6).[2] On June 13, 1969, the Local Board again gave plaintiff a II–A classification based upon information received from plaintiff and his employer that he would continue his employment at the Wilmington Friends School. (¶ 7).

On June 30, 1969, the State Director, in accordance with Selective Service Regulation § 1626.1,[3] notified the Local Board of his intention to appeal plaintiff's classification (¶ 8). The reason given for the appeal was the policy of the State Director to limit teaching deferments to one year, as announced in his memorandum of March 21, 1968, revised June 5, 1968. Plaintiff was notified of the appeal by letter from the Local Board mailed on July 2, 1969. (¶ 9).

Promptly thereafter plaintiff wrote the Local Board and asked for an appointment with an Appeal Agent whose duty it was, § 1604.71(d) (5):

"To be equally diligent in protecting the interests of the Government and the rights of the registrant in all matters."

By letter of July 11, 1969, from the Clerk of the Local Board an appointment was made for plaintiff for July 16, 1969, with the Appeal Agent Hyde. The communication to plaintiff stated:

"This appointment is made to enable you to take advantage of the advice and assistance of a member of the uncompensated staff of your Selective Service Local Board." (Px–1).

On July 13, 1969, plaintiff's file was forwarded to the Appeal Board, and on July 14, 1969, the Board met and, as plaintiff alleges, "in accordance with the illegal directives of the State Director" reclassified plaintiff I–A "without adequate consideration". (¶ 11).

Before the Appeal Board decided the case, plaintiff desired to present to it a written summary of the arguments which he believed would pursuade it to affirm the determination of the Local Board that he should be classified II–A. Plaintiff was never informed of the date when his file was to be forwarded to the Appeal Board. When plaintiff received the communication dated July 11, 1969, from defendant Brown making an appointment for him with the Appeal Agent Hyde, plaintiff reasonably believed that the file would not be forwarded to the Appeal Board until after July 16, 1969, and no decision would be rendered before that time.

Plaintiff alleges upon information and belief that defendant Brown knew that his file was to be forwarded to the Appeal Board prior to his appointment with the Appeal Agent and hence plaintiff would be deprived of the ability to present arguments to the Appeal Board. (¶ 13).

On July 22, 1969, plaintiff was ordered, improperly as he alleges, to report for induction on August 7, 1969.

Before considering the jurisdictional question presented by Section 10(b) (3) of the Selective Service Act, a review of the classification procedure is desirable.

It is the Local Board's responsibility to decide, subject to appeal, the class in which each registrant shall be placed. § 1622.1(c). Local Board No. 4 assumed this responsibility when on June 28, 1968, because of plaintiff's employment as a teacher at the Friends School, it classified him as II–A. A class II–A deferment shall be for a period of one year

---

trant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when

there is no basis in fact for the classification assigned to such registrant."

2. All references are to the Complaint unless otherwise indicated.

3. All Section references are to Selective Service Regulations, 32 C.F.R., unless otherwise indicated.

or less. § 1622.21(a). At the expiration of the one-year period a registrant's II–A classification shall be "reopened and he shall be classified anew"; although he may be continued in class II–A for a further period of one year or less if such classification is warranted. § 1622.21(b). Acting in accordance with this regulation Local Board No. 4 on June 13, 1969, again classified plaintiff as II–A. Had the reclassification thus accorded plaintiff been objectionable to him, plaintiff would have had the same right as he had when he was originally classified in 1968 to appear before the Local Board and seek redress by a classification which he felt to be proper. §§ 1625.11, 1625.13, 1624.1(a). Furthermore, if he did not obtain a reclassification to his liking, he would have had the right to appeal to the Appeal Board for relief. § 1625.13.

However, after he had been classified II–A the second time plaintiff sought no relief either before the Local Board or the Appeal Board. There was no reason that he should. He was satisfied with the classification he had received.

The State Director of Selective Service, however, did take an appeal from the II–A classification which the Local Board had given to the plaintiff. § 1626.1. This is the background against which the jurisdictional issue must be examined.

On its face Section 10(b) (3) of the Selective Service Act renders the Court powerless to grant a registrant relief from classification or procedure prior to induction except in a criminal proceeding. But Oestereich v. Selective Service System Local Bd. No. 11, 393 U.S. 233, 237–239, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) recognizes that there are exceptions to the seemingly unqualified language of the statute. There it was held that once a person registers and qualifies for statutory exemption, no legislative authority exists to deprive him of that exemption because of conduct or activities unrelated to it, and hence pre-induction judicial review is permissible. Mr. Justice Harlan concurred in the result and stated (393 U.S. at 241–242, 89 S.Ct. at 418):

"[A] court may dispose of a challenge to the validity of the procedure on the pleadings."

He pointed out that the Congressional decision to defer judicial review of a Selective Service Board decision presupposed that a registrant possessed the opportunity for a hearing and an administrative appeal within the Selective Service System. It is properly presumed, he said, that the Board has fully considered all relevant information presented to it, "and that it has classified and processed him regularly, and in accordance with the applicable statutes and regulations." (393 U.S. at 240–241, 89 S.Ct. at 418). Mr. Justice Harlan then said (393 U.S. at 242, 89 S.Ct. at 419):

"[A] challenge to the validity of the administrative procedure itself not only renders irrelevant the presumption of regularity, but presents an issue beyond the competence of the Selective Service boards to hear and determine."

█ Here, then, is recognition that when the Selective Service administrative *procedure* is sufficiently irregular, pre-induction review, apart from that permitted in a criminal case, is warranted despite Section 10(b) (3) of the Act. Although Townsend v. Zimmerman, 237 F.2d 376 (6th Cir. 1956) pre-dated Section 10(b) (3) of the Act of 1967, it held that the effective denial of a right by a registrant to appeal from a classification by a Local Board was sufficient to justify a Court in reviewing the classification prior to induction in a non-criminal case. It is significant that the *Townsend* case was referred to with approval by the majority of the Court in Oestereich v. Selective Service System Local Bd. No. 11, *supra*, 393 U.S. at 238, 89 S.Ct. 414.

█ The situation at bar is somewhat unique. Normally it is the registrant who appeals the Local Board classification. Here it was the State Director who did it. While the Selective Service

regulations do not expressly provide for the registrant to be heard by the Appeal Board when the Government appeals, such a right is implicit.

How can the Appeal Agent whose aid plaintiff solicited protect the rights of plaintiff "in all matters", as he is charged with doing, § 1604.71(d) (5), if he does not have an opportunity to know the position which the State Director has taken before the Appeal Board and have an opportunity to answer its arguments? Any person who appeals from a Local Board decision may attach to his appeal a statement specifying the matters in which he believes the Local Board erred, may direct attention to any information in the registrant's file which he believes the Local Board has failed to consider or to give sufficient weight, and may set out in full any information which was offered to the Local Board and which the Local Board failed or refused to include in the registrant's file. § 1626.12. What this statement contained apparently plaintiff had no way of knowing. The matters which the Appeal Board may consider are limited to information contained in the record of the Local Board and general information concerning economic, industrial and social conditions. § 1626.-24. Again, whether the material considered by the Appeal Board was so limited was probably not known to plaintiff since the decision of the Appeal Board was rendered before the date of the plaintiff's appointment with the Appeal Agent.

In Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955), a conscientious objector criminal case, the Department of Justice had made a recommendation to the Appeal Board under Section 6(j) of the Universal Military Training and Service Act, 62 Stat. 612, as amended, 50 U.S.C. App. § 456(j), which the registrant had never seen. Because of this and the lack of the registrant's opportunity to reply to it the Supreme Court reversed the registrant's conviction saying (348 U.S. at 412, 75 S.Ct. at 412):

"[W]e believe it also to be implicit in the Act and Regulations—viewed against our underlying concepts of procedural regularity and basic fair play—that a copy of the recommendation of the Department be furnished the registrant at the time it is forwarded to the Appeal Board, and that he be afforded an opportunity to reply."

Again, the Court said (348 U.S. at 414–415, 75 S.Ct. at 414):

"The registrant already has the right to file a statement with the Appeal Board. Just as the right to a hearing means the right to a meaningful hearing, United States v. Nugent, [346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417] supra; Simmons v. United States, [348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453] supra, so the right to file a statement before the Appeal Board includes the right to file a meaningful statement, one based on all the facts in the file and made with awareness of the recommendations and arguments to be countered."

The principals of Gonzales, although uttered in a criminal case, are equally applicable here. The life or death of a registrant may well turn on the classification he receives. "Basic fair play", as Gonzales put it, requires that before the Appeal Board overturned the II–A classification of the Local Board, plaintiff be given an opportunity to know what arguments of the State Director he is required to meet and to be accorded an opportunity to make known his views to the Appeal Board. Plaintiff never was given these rights. Because of the procedural deficiencies referred to, the probability that he will prevail on final hearing is clear. Defendants cannot be prejudiced in any substantial way by delaying the induction of plaintiff until the case has been fully heard and finally decided.

What has been said makes it unnecessary to pass on plaintiff's contention that the memorandum of March 21, 1968, issued by the State Director of Selective Service is illegal.