Arthur KAMESHKA, Plaintiff,

v.

SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 12, Pittsburgh, Pennsylvania, Defendant.

No. 70–934.

United States District Court, W. D. Pennsylvania.

Aug. 21, 1970.

Schumacher & White, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WEIS, District Judge.

10(b) (3) or not (10)(b) (3), that is the question raised by the government's Motion to Dismiss plaintiff's Complaint asking for an injunction to prevent his induction into the armed services.

The governing statute is Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.A. § 460(b) (3). It reads as follows:

"No judicial review shall be made of the classification or processing of any registrant by Local Boards, Appeal Boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, * * * "

The facts in this case are relatively simple, having been stipulated by the parties and that being the situation this may be considered to constitute the final hearing and order.

The plaintiff is a registrant of Local Board No. 12, Pittsburgh, Pennsylvania. He was originally classified as II–S but later received the classification of II–A because of his occupation as a pharmacist.

He was classified I–A by the Local Board on June 6, 1968 but received the II–A classification as result of action by the Appeal Board on August 21, 1968. On March 27, 1969 the Local Board again classified plaintiff as I–A which action was also reversed by the Appeal Board on June 25, 1969.

On January 22, 1970, for the third time, the plaintiff was classified I–A by the Local Board but on this occasion, on April 15, 1970, the Appeal Board concurred. Following this, an appeal was taken by the Pennsylvania State Director of Selective Service to The President and on July 8, 1970 the National Selective Service Board affirmed the classification I–A. The plaintiff was ordered to report for induction on August 12, 1970 but by informal action of the Selective Service Board, the effective date has been postponed pending the decision in this case.

We have a situation, therefore, where the Local Board on three occasions has classified the plaintiff as eligible for military service but was overruled twice by the Appeal Board. However on the last occasion both the Appeal Board and the National Selective Service Appeal Board have concurred with the action of the Local Board. There is therefore no claim of denial of appellate rights within the administrative framework of the Selective Service System nor is there any evidence of a punitive action or unlawful use of delinquency procedures being involved in this case.

It is agreed that there has been no change in the plaintiff's personal circumstances since he first received the II–A designation in August, 1968. He argues, therefore, that the altered classification is capricious, that since his circumstances warranted a deferment originally, it should continue.

On the other hand, the government contends that in effect there is no "vested right" in a classification, that deferments are granted for a limited period of time, and that each new deferment must be granted on a de novo basis.

The pertinent regulations of the Selective Service System, specifically 1622.21, 1622.23, provide that deferments in Class II–A shall be for a period of one year or less; that at the expiration of the deferment period the classification is to be reopened and the registrant to be classified anew. A registrant may be granted a deferment in an occupation identified with the maintenance of na-

tional health when all of the following three conditions exist:

1. The registrant is engaged in such activity;

2. He cannot be replaced because of a shortage of persons with his qualifications in the activity;

3. The removal of the registrant would cause a material loss of effectiveness in such activity.

The last qualification particularly places a vast degree of discretion in the selective service boards. Its interpretation does not depend solely on the personal circumstances of the particular registrant being considered.

While Section 10(b) (3) action in limiting judicial review appears all inclusive on its face, case law has carved out a few exceptions. Thus in Oestereich v. Selective Service System Local Board, No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402, the court found that the Selective Service Board acted in an essentially lawless manner in denying a IV–D ministerial exemption by use of delinquency regulations. The court said:

"In such instances, as in the present one, there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved. The case we decide today involves a clear departure by the Board from its statutory mandate." (237, 238, 89 S.Ct. 416)

In Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, the court again allowed pre-induction review, where the Local Board refused an exemption clearly mandated by the statute because of the registrant's alleged "delinquency". The court said:

"Induction pursuant to the delinquency regulations has not been authorized by Congress." (466, 90 S.Ct. 665)

On the other hand, in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L. Ed.2d 418, the court agreed that no pre-induction judicial review was applicable. In noting that the *Oestereich* doctrine did not apply, the court said:

"Here by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. * * * Here the Board has exercised its statutory discretion to pass on a particular request for classification, 'evaluating evidence * * * determining whether a claimed exemption is deserved.'" (258, 89 S.Ct. 426)

It is our conclusion that the Clark v. Gabriel case controls and that the government's motion to dismiss must be granted.

The cases cited by the plaintiff are all distinguishable. Hunt v. Local Board, No. 197, 3 Cir., 423 F.2d 576[1] allowed pre-induction judicial action because of lack of procedural due process by the Local Board. The court, however, did not rule on the merits of the plaintiff's claim for reclassification. Again, in Wiener v. Local Board No. 4, D.C., 302 F.Supp. 266, the issue was procedural due process. Bucher v. Selective Service System Local Boards Nos. 2, Etc., 3 Cir., 421 F.2d 24, dealt with the abuse of delinquency regulations and therefore came within the *Oestereich* doctrine. On analysis, Murray v. Blatchford, D.C., 307 F.Supp. 1038, falls in the same category. In the very recent case of United States of America v. Brown, No. 18,122, slip opinion, August 7, 1970, the Court of Appeals for the Third Circuit noted its concern about the doctrine of denial of

---

1. Rehearing pending. In a somewhat similar factual setting, in reviewing a conviction for refusing induction, the Supreme Court said, "Because of the narrowly limited scope of judicial review available to a registrant, the opportunity for full administrative review is indispensable to the fair operation of the Selective Service System." Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (June 15, 1970)

pre-induction judicial review but concluded:

"Nevertheless, the remedy for the prohibition against earlier judicial review lies with the Congress, and we must apply the Act until and unless it is amended."

■ In summary, we find no lawless action on the part of the Selective Service officials, we find no error in the law as applied by the Selective Service, we find no abuse of delinquency regulations, but instead are met with an exercise of discretion by the Local Board which was sustained by two appellate bodies within the administrative system. There being no basis for exception under the circumstances, Section 10(b) (3) must apply.

This opinion embodies the findings of fact and conclusions of law required by F.R.Civ.P. 52.

## ORDER OF COURT

And now, to-wit, this 21 day of August, 1970, the defendant's Motion is granted and it is ordered that this case be dismissed.