**John William POLK, Jr.**

v.

**Capt. Charles L. KESSLER et al.**

**Civ. A. No. 164-71-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 7, 1971.

Gaillard T. Hunt, Washington, D. C., Robert A. Pustilnik, Richmond, Va., for plaintiff.

William S. Mount, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

John William Polk, Jr., seeks an order from this Court returning his selective service file to his local draft board for further consideration of a claim that he is entitled to an exemption as a sole surviving son. He also raises several other claims, but those allegations are not presently before the Court. A preliminary injunction has been entered staying an outstanding order that Polk report for induction.

The relevant facts are as follows: In 1964, when Polk first registered with the Selective Service System, one could not claim an exemption as a sole survivor unless a brother or sister had died while in or as a result of having been in the Armed Forces; so he made no claim. This exemption was subsequently enlarged.

Thereafter, following a long series of administrative processes, Polk reported for induction in June, 1970. However, he did not complete the processing, and was eventually indicted. In August he requested an exemption as a sole surviving son, stating that he never knew of the change in the law. The claim was denied by the Local Board, allegedly without a reopening of the classification. On February 26, 1971, the indictment was dismissed on the motion of the United States, and Polk was ordered to again report for induction. It is that order which he now contests.

The defendants have moved to dismiss the action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). It is that motion with which the Court must now deal.

The statute relied upon by the defendants is § 10(b)(3) of the Selective Service Act, 50 U.S.C.A. App. § 460(b)(3), wherein, inter alia, it is stated:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President except as a defense to a criminal prosecution instituted under section 12 of this title [Section 462, 50 U.S.C.A.] after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.

Polk alleges that the Local Board reopened his file when it considered the sole survivor claim, even though the Board stated the file was not reopened, and that he has been denied his administrative remedies, thereby entitling him to sue for an injunction. Polk further states that the rule prohibiting pre-induction "review" of Selective Service determinations does not forbid this, because in such a situation there is no administrative determination to review.

The first problem confronting the Court is whether this is a pre-induction or a post-induction case. At the time the sole surviving son claim was made, Polk was deemed delinquent for not having completed processing for induction. The indictment which resulted from the failure was subsequently dismissed, and Polk is now under orders to again report for induction.

This unusual factual situation leads the Court to conclude that even though this, at first blush, is a post-induction order case, it is still a pre-induction situation. No criminal charges can be brought against Polk unless and until he refuses to be inducted, nor may he now seek a writ of habeas corpus. Thus, in order for this Court to have jurisdiction the instant facts must fall within an exception to § 10(b)(3). See, e.g., Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1969); Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). The Court concludes that no exception exists in this instance, and that consequently it is without jurisdiction.

When Polk claimed entitlement to a sole surviving son exemption he was under a continuing duty to report for induction. In such an event, 32 C.F.R.

1625.2 is applicable, wherein it provides, in part:

> The classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction \* \* \* unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control.

Polk contends that under United States v. Grier, 415 F.2d 1098 (4th Cir. 1969), a reopening has taken place. That may be, but the question is not dispositive of the issue now before the Court. *Grier* was a criminal case; i.e., the proceeding occurred after the registrant refused to be inducted. Further, whether or not there was a re-opening is not the question to be answered in an attack on the Court's jurisdiction.

The Court finds that there are two exceptions to the language stated in § 10(b) (3). One is that an action by way of habeas corpus after induction is not precluded by the statute. Oestereich v. Selective Service Board, *supra*, 393 U.S. at 235, 89 S.Ct. 414. The other is that pre-induction review is available in instances in which the local board's acts are without statutory basis and are in conflict with the registrant's rights explicitly established rather than being dependent upon an act of judgment by the board.[1] See Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). Hence, this Court must inquire into the exact situation that existed when the Local Board refused to reopen Polk's classification.

■■ As stated previously, Polk had been ordered to report for induction when he claimed the sole surviving son exemption. The reason given for the lateness of the claim was that he was not entitled to the exemption when he first registered, and did not know of the change in the law, which took place before the order in question. Though he is not deemed to have waived his right to claim the exemption, see United States v. Stout, 415 F.2d 1190 (4th Cir. 1969), his tardiness in making the claim cannot be deemed due to circumstances beyond his control. Therefore, the Board's action was one of discretion rather than disregard of a statutory mandate within the meaning of *Breen, supra* and *Oestereich, supra*. See Clark v. Gabriel, *supra*. Thus no exception is presented to § 10(b) (3).

Polk has cited the Court to Swift v. Director of Selective Service (D.C. Cir. Mar. 16, 1971), as authority that the instant proceeding comes within the exception to § 10(b) (3). However, *Swift* involved a conscientious objector claim, a factual difference the Court deems to be determinative. While the Court agrees that United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L. Ed.2d 368 (1967), should govern post-induction order claims of conscientious objection, it does not feel that 32 C.F.R. 1625.2 has been done away with. Rather, the Court interprets *Gearey* to mean that anything involving a mental process is necessarily beyond the control of the registrant claiming the exemption and must be considered under the mandate of the regulation. A failure to be aware of a possible exemption does not present such a case.

As a further explanatory note, it is not to be overlooked that no one contested Breen's right to a deferment nor Oestereich's right to an exemption. Yet, in the instant action there is a substantial question as to whether Polk's father died of a service connected disease. Consequently, the Board's refusal to reopen must be considered discretionary and cannot be questioned at this stage of the proceedings.

It is the Court's ruling that it is presently without jurisdiction to entertain

---

1. This definition would include a procedure sufficiently irregular so as to amount to an act without statutory basis. See

Wiener v. Local Board No. 4, 302 F. Supp. 266 (D.Del.1969).

the matter before it, and the motion to dismiss filed on behalf of the defendants will be granted.

An order will enter consistent with the above memorandum.